(153 App. Div. 299.)

### BACKMAN v. RODGERS et al

(Supreme Court, Appellate Division, Second Department. November 1, 1912.)

1. TRIAL (§ 109*)—DISMISSAL OR NONSUIT—OPENING STATEMENT BY COUNSEL.
    The dismissal of a complaint upon the opening of plaintiff's counsel is justified only when it does not state a cause of action, where a cause of action well stated is conclusively defeated by something interposed by way of defense and admitted, or where counsel in his opening address, by some admission or statement of facts, so completely ruins his case that a nonsuit is justified.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 91, 270, 367, 388, 395; Dec. Dig. § 109.*]

2. TRIAL (§ 109*)—DISMISSAL OR NONSUIT—TIME FOR MOTION.
    A complaint should not be dismissed upon the opening of plaintiff's counsel merely because it appears very improbable that he can by proof make out a cause of action, since, if the complaint states a cause of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action, plaintiff is entitled to an opportunity to present to the jury such evidence as he may have within the issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 91, 270, 367, 388, 395; Dec. Dig. § 109.*]

3. MASTER AND SERVANT (§ 256*)—INJURIES—COMPLAINT—SUFFICIENCY.

Plaintiff's intestate was killed, while working at the bottom of a deep trench in a street for the construction of a sewer, by the falling in of the sides of the trench. The sides were supported by lumber sheathing, with a series of braces. Defendants maintained gas and electric mains in the street in question, and kept them in use during the progress of the sewer construction. The complaint alleged that, knowing that the sheathing and bracing upon and along the side of the trench were improper and insufficient, they undertook to maintain their systems by suspending them in the trench on braces and beams resting upon the sheathing, thereby increasing the weight thereon, and that they used defective and insufficient beams and braces, and were negligent in other details. *Held,* that the complaint stated facts sufficient to constitute a cause of action.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 809–812, 815; Dec. Dig. § 256.*]

4. COURTS (§ 90*)—FORMER DECISIONS—CONCLUSIVENESS—SCOPE AND EXTENT.

A complaint in an action for wrongful death should not be dismissed merely because the dismissal of the complaint in another action arising out of the same accident has been affirmed; each case depending entirely on its own proof.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313–321, 351; Dec. Dig. § 90.*]

Appeal from Trial Term, Kings County.

Action by Maria Backman, as administratrix of Emil Backman, deceased, against James M. Rodgers and others. From a judgment dismissing the complaint as against defendants Brooklyn Union Gas Company and others, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Edward J. McCrossin, of New York City, for appellant.

Edwin A. Jones, of New York City (I. R. Oeland, of Brooklyn, on the brief), for respondent Brooklyn Union Gas Co.

Frank B. Church, of New York City, for respondent Edison Electric Illuminating Co. of Brooklyn.

CARR, J. This is an appeal from a judgment which dismissed the plaintiff's complaint at the close of her counsel's opening. On November 20, 1908, the plaintiff's intestate was at work at the bottom of a deep trench in Gold street, in the borough of Brooklyn, in which a new sewer was being constructed by the city of New York, through the defendants Rodgers and Hagerty, as contractors, and he was killed by reason of the falling in of the sides of the trench. These sides were supported by lumber sheathing, with a series of braces, and it is claimed by the plaintiff that the method of sheathing was careless, and that improper materials were employed negligently in the process. The decedent was employed by the contractors.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendants Brooklyn Union Gas Company and Edison Electric Illuminating Company maintained gas and electric mains in the street in question, and kept them in use during the progress of the sewer construction work. Likewise the city of New York maintained in the same place water mains, which it kept in use during the same period. As against the defendants the gas and electric companies, the plaintiff alleges that, well knowing that the sheathing and bracing upon and along the side of the trench were improper and insufficient, they nevertheless undertook to maintain their systems in the street by suspending them in the trench on braces and beams which rested upon the sheathing along the side of the trench, thereby increasing the weight on the sheathing, and in such work of suspension they used defective and insufficient beams and braces, and were negligent in other details. The complaint charged the defendants Rodgers and Hagerty, the gas and electric companies, and the city of New York with negligence in the manner referred to aforesaid, and alleged that by reason of the negligence of all these defendants the trench fell in and killed the decedent.

When the action came on for trial, and after the opening of the plaintiff's counsel, the learned trial court, on the motions of the several defendants, dismissed the complaint as to the defendants the city of New York, the Brooklyn Union Gas Company, and the Edison Electric Illuminating Company. From this judgment of dismissal the plaintiff has appealed to this court.

[1] It is stated in the record that since the entry of said judgment the plaintiff has discontinued her action against the defendants city of New York, Rodgers, and Hagerty. The practice of dismissing an action on the opening of counsel has met frequently with the disapproval of the courts, and has been described as one "not to be encouraged." There are, of course, circumstances, as a rule very infrequent, which justify such a practice in a given case; but, as stated by the Court of Appeals in Hoffman House v. Foote, 172 N. Y. 350, 65 N. E. 169, in order to justify a dismissal of a complaint upon the opening of counsel it should be—

"demonstrated either (1) that the complaint does not state a cause of action; or (2) that a cause of action well stated is conclusively defeated by something interposed by way of defense and clearly admitted as a fact; or (3) that the learned counsel for the plaintiff, in his opening address, by some admission or statement of facts, so completely ruined his case that the court was justified in granting a nonsuit."

[2] As was pointed out in Darton v. Interborough Rapid Transit Co., 125 App. Div. 836, 110 N. Y. Supp. 171, it is not enough to sustain a judgment dismissing a complaint upon the opening of counsel that it should have appeared to the trial court that it was very improbable that the plaintiff could by proofs make out a cause of action, nor should such a judgment be affirmed in the appellate court, because it appears likewise very improbable that, had the plaintiff been allowed to go to the jury, he could have made out a cause of action; for, when the complaint states a cause of action, the plaintiff is entitled to an opportunity to present to the jury such evidence as he may be able to command, within the issues raised by the plead-

ings. We do not find in the opening of counsel, as printed in the record, any statement or admission which negatives a cause of action, if any was stated in the complaint.

[3, 4] We think that the complaint set forth facts which, if supported by the proofs, might constitute prima facie a cause of action. The action at bar is one of a series of actions growing out of the casualty, several of which have been before this court on appeal; and while in Brady v. City of New York, 149 App. Div. 816, 134 N. Y. Supp. 305, we have affirmed a judgment in which the complaint was dismissed as to the defendant Brooklyn Union Gas Company, it must be said that each case arising out of this same accident must depend entirely upon its own proofs, and we are in no position to conclude that no cause of action can be sustained in any other of these cases by any set of proofs against the defendants the gas or electric companies, as assuredly each trial must stand by itself.

We think, therefore, that the judgment dismissing the complaint should be reversed, and a new trial granted, costs to abide the event, against such of the defendants as to whom the present action has not been discontinued. All concur.