### CANDEL v. BANKLER et al.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

TRIAL (§ 109*)—DISMISSAL—PLAINTIFF'S OPENING TO JURY.

Where plaintiff orally pleaded injuries to person and defendant orally pleaded a general denial, thus conceding that a cause of action was stated, it did not allow a dismissal on the opening of plaintiff's counsel to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 91, 270, 367, 388, 395; Dec. Dig. § 109.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Simon Candel against Joseph Bankler and another. From a judgment dismissing the complaint upon the opening of plaintiff's counsel to the jury in the Municipal Court of the City of New York, plaintiff appeals. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Moses N. Krakower, of New York City, for appellant.
Benjamin Glickman, for respondent.

BIJUR, J. The pleadings were oral. Plaintiff pleaded "injuries to person." The defendant did not demur, but pleaded a general denial, thus conceding that a cause of action was stated. In that condition of the record, even assuming that a judge of the Municipal Court has the right to dismiss on the opening of counsel, there was nothing in the opening in this case to warrant a dismissal thereon. Backman v. Rogers, 153 App. Div. 299, 138 N. Y. Supp. 29. No comment is made upon the fact that this action is brought against two persons and that they are designated as copartners, since that point is not involved on this appeal, and a good cause of action must be assumed to have been stated as at least against the one defendant charged with negligence.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.