*Simon Fleischmann, Martin Clark* and *George C. Riley* for appellant.

*David L. Podell, Jacob Scholer* and *Harold L. Fierman* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, Mc-Laughlin, Crane, Andrews and Lehman, JJ.

---

Ethel Malcolm, Respondent, *v.* William N. Thomas, Jr., et al., Appellants.

*Negligence — landlord and tenant — tenant injured by fall from fire escape — when complaint improperly dismissed on ground that she had no right to go thereon.*

*Malcolm* v. *Thomas*, 207 App. Div. 230, affirmed.

(Argued April 16, 1924; decided May 20, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 7, 1923, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. Plaintiff was a tenant in a tenement house owned by defendants. During all of the period of plaintiff's tenancy the fire escape platforms were used by the various occupants, including the defendants, as a balcony on which to stand while hanging out laundry or wash to be dried. The wash lines ran from the window casements of each floor to a pole at the rear of the premises and were manipulated by pulleys. On the plaintiff's floor the fire escape had a balcony railing extending around its three outer sides with an opening of twenty-one inches in one corner. This opening had always been protected by an iron ladder which hung on a hook suspended from the fire escape attached to the third floor. Shortly before the accident one of the defendants removed the ladder without giving notice thereof to plaintiff and without her knowledge. While using the

37

fire escape, as customary, to hang her laundry on her pulley line, she fell through the unguarded opening to the ground and suffered injury. The complaint was dismissed upon the ground that plaintiff had no right to go on the fire escape for the purpose stated.

*Murray G. Jenkins* and *William Dike Reed* for appellants.

*James P. Kohler* for respondent.

Order affirmed and judgment absolute ordered against appellants on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

HENRY L. CRITTENDEN, as Assignee for the Benefit of Creditors of ANTHONY PUCCIA, Respondent, *v.* AMERICAN RAILWAY EXPRESS COMPANY, Appellant.

*Carriers — damage arising from freezing — when delivery and acceptance by consignee a question of fact.*

*Crittenden* v. *American Ry. Express Co.*, 205 App. Div. 228, affirmed.

(Argued April 16, 1924; decided May 20, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 9, 1923, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the Monroe County Court at a Trial Term and granting a new trial. The action was to recover damages arising from the freezing of part of a carload of spinach. There was evidence that one of the doors to the car was defective and could not be closed and a jury might have found that the freezing was due to the opening. The trial court dismissed the complaint on the ground that a delivery and acceptance by the consignee before the freezing occurred were conclusively established. The Appellate Division held that on the evidence a question of fact was presented.