WILLIAM E. MORTIMER, Appellant, v. EAST SIDE SAVINGS BANK, Respondent.

Fourth Department, May 5, 1937.

Casper L. Solomon, for the appellant.

Nicholas J. Weldgen, for the respondent.

EDGCOMB, J.   Plaintiff's complaint has been dismissed upon the opening of his counsel.   This practice, while recognized as proper in cases where it clearly appears from the allegations of the complaint and from the opening that no right to recover exists, is one which should be followed with great caution.   If there is any doubt as to plaintiff's right to recover, the parties should be put to their proof. (*Malcolm* v. *Thomas,* 207 App. Div. 230; affd., 238 N. Y. 577; *Backman* v. *Rodgers,* 153 App. Div. 299, 301.)   The case should not be taken from the jury and summarily disposed of unless " it can be demonstrated either (1) that the complaint does not state a cause of action or (2) that a cause of action well stated is conclusively defeated by something interposed by way of defense and clearly admitted as a fact, or (3) that the learned counsel for the plaintiff, in his opening address, by some admission or statement of facts, so completely ruined his case that the court was justified in granting a nonsuit."   (*Hoffman House* v. *Foote,* 172 N. Y. 348, 350.)

With this rule in mind, attention should be directed to the allegations of the complaint, as amplified and enlarged by plaintiff's opening, and by the stipulation made in open court.   From the facts thus stated we learn that the defendant took possession of the Edison Hotel in the city of Rochester, under the provisions of a mortgage which it held on said hotel, and collected the rents therefrom; that on December 19, 1933, it leased the building to one Nathan Natapow for the term of one year from January 1, 1934; that on the evening of April 12, 1934, plaintiff had gone to a restaurant in the building to dine, and while there had occasion to go to the men's lavatory, and while returning opened, by mistake, a door on the same floor on which the restaurant was located, and which led into an elevator shaft, and fell several feet to the bottom of the well; that the corridors through which he passed were dark, and there was nothing to warn him of any danger; that the elevator was an automatic one, operated by means of a push button; that there was no interlocking device on the door in question which prevented its being opened when the elevator

was not on that floor, but that the elevator doors on all the other floors were so equipped; that while the door in question could be locked with a key, it was unlocked at the time of the accident.

There are allegations in the complaint that the accident was " due to the carelessness, recklessness and negligence " of the defendant, but these are mere conclusions of law, and may, therefore, be disregarded.

Quite possibly plaintiff's mishap was due to his own negligence in groping about in the darkness, and stepping into this opening, but that question can much more satisfactorily be determined after hearing his story from his own lips than it can on the meager statement made by counsel in his opening, and from the allegations of the complaint.

Had the defendant been the owner of the property in question, it could scarcely be said that the court was justified in dismissing the complaint without hearing the evidence. Is the rule different where the defendant is a mortgagee in possession? Can it be said from the opening that the defendant violated no duty which it owed the plaintiff?

Defendant urges that it took the property as it found it, and that its obligation to the plaintiff is no greater than that which it would have owed had it been appointed receiver of rents and profits; that whether it be a mortgagee in possession or a receiver of the rents and profits, it is in reality an agent of or trustee for the owner to collect and disburse the rents received from the property.

If that is true, the dismissal of the complaint was doubtless correct, because a receiver of rents and profits is not bound to make repairs, and cannot be held liable for negligence, unless it is the result of some affirmative act on his part. He is not responsible for passive negligence. (*Woman's Hospital* v. *Loubern Realty Corp.*, 266 N. Y. 123.)

The similarity between a mortgagee in possession and a receiver of rents and profits, as urged by the defendant, rests on the fact that a mortgage is simply security for a debt, and that the title to the property does not pass to the mortgagee, but remains in the mortgagor. (*Kortright* v. *Cady*, 21 N. Y. 343, 347; *Power* v. *Lester*, 23 id. 527, 531; *Sexton* v. *Breese*, 135 id. 387, 390.)

In so far as the title to or interest in the security is concerned, and in so far as the duty to account for rents received is involved, a mortgagee in possession stands in the same position as a receiver of rents and profits, but it does not follow that the same rule applies to the duty to keep the property in repair. The expressions found in the opinions of various cases to the effect that a mortgagee

in possession is in reality a receiver of rents, endowed with the same powers which are possessed by such receiver, have no reference to the duty owing by either the receiver or the mortgagee in possession to keep the property in repair, and in a safe condition.

A receiver is not permitted to spend any money which he collects for repairs except upon order of the court. (*Wyckoff* v. *Scofield*, 103 N. Y. 630; *Woman's Hospital* v. *Loubern Realty Corp.*, 266 id. 123, 126.) Even if an order is made empowering him to improve the property, the authority granted would not be mandatory but permissive only. (*Ranney* v. *Peyser*, 83 N. Y. 1, 6.) He is not bound to do something which he has no funds to pay for. The law is not that unreasonable.

The above rule does not apply to a mortgagee in possession. He is not an officer of the court; he is not obliged to go to the court for authority to spend money. In general, he is bound to employ the same care and supervision over the mortgaged premises that a reasonably prudent owner would exercise in relation to his own property; he is bound to make reasonable and needed repairs, and is responsible for any loss or damage occasioned by his willful default or gross neglect in this regard; while he may not burden the estate by the expenditure of money for unnecessary reparation, he is entitled to be reimbursed for such improvements as are required for the preservation and beneficial occupancy of the property. (*Gordon* v. *Krellman*, 207 App. Div. 773, 781; *Godfrey* v. *Watson*, 3 Atk. 517; *Moore* v. *Cable*, 1 Johns. Ch. 385, 387; *Quin* v. *Brittain*, 1 Hoff. Ch. 353, 358; *Barnett* v. *Nelson*, 54 Iowa, 41, 47, 48; 6 N. W. 49; *Dozier* v. *Mitchell*, 65 Ala. 511, 519; *Boston Iron Co.* v. *King*, 2 Cush. [Mass.] 400, 405; *Reed* v. *Reed*, 10 Pick. [Mass.] 398; *Hays* v. *Christiansen*, 114 Neb. 764; 209 N. W. 609; *Burns* v. *Williams*, 147 Ark. 608; 228 S. W. 726; *Morgan* v. *Mahony*, 124 Ark. 483; 187 S. W. 633; 2 Jones on Mortgages [8th ed.], § 1443; 19 R. C. L. p. 331.)

This distinction takes a mortgagee in possession out of the rule applicable to a receiver of rents and profits.

The maintenance of this automatic elevator constitutes an invitation to patrons of the building to use it as their wants require, and carries with it certain responsibilities. It is conceivable that conditions might exist where reasonable prudence would require an interlocking device on the door on the first floor, similar to that used on the other floors, and which would prevent a person from opening the door to the shaft when the elevator was not at that floor. The law looks with favor upon all reasonable precautions which tend to prevent accidents, and it could scarcely be said that the slight expense connected with such equipment would so

burden the estate as to prevent the defendant from being reimbursed therefor. No hard and fast rule can be laid down as to what constitutes necessary and proper repairs. The answer to that question depends upon the peculiar circumstances of each case. Do the facts as stated in the complaint and as amplified by counsel in his opening show beyond question that no affirmative duty rested upon the defendant? I think not.

If the property was in a dangerous or unsafe condition at the time it was leased to Natapow, and the defendant was aware of that fact, it could not escape liability by reason of such lease. (*Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404; *Zolezzi* v. *Bruce-Brown*, 243 id. 490, 498; *Bayley* v. *Curtis Bros. Lumber Co.*, 124 App. Div. 496; *Ferman* v. *Lombard Investment Co.*, 56 Minn. 166; 57 N. W. 309.)

In the *Ferman* case, last cited, a mortgagee in possession was held liable as the continuer of a nuisance on the premises created by the mortgagor.

We do not know what will appear after the parties have been permitted to tell their story. When that has been done it is quite possible there will be such a lack of evidence that there will be no question of fact for the jury.

On the facts before us it can scarcely be said that the absence of plaintiff's right to recover is so clearly shown that a dismissal of his complaint can be justified.

It necessarily follows that the judgment appealed from should be reversed on the law and the facts and that a new trial should be had.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Judgment reversed on the law and facts as matter of discretion and a new trial granted, with costs to the appellant to abide the event.