Laura S. Halliday, Respondent, *v.* Ellen Carrick, Defendant, Impleaded with Buffalo Savings Bank, Appellant.

Ernest W. Halliday, Respondent, *v.* Ellen Carrick, Defendant, Impleaded with Buffalo Savings Bank, Appellant.

Supreme Court, Special Term, Erie County, June 15, 1937.

*Dewitt Clinton,* for the appellant Buffalo Savings Bank.

*A. Stanley Copeland,* for the respondents.

Vaughan, J. The appellant, as mortgagee in possession of premises 298 Hampshire street, leased the lower flat thereof to the plaintiffs. Several months thereafter plaintiff Laura S. Halliday, while attempting to descend the rear stairs leading from the ground to the upper flat, fell by reason of the defective condition of one of said steps, resulting in the injuries complained upon.

The evidence discloses that the stairs were in a defective condition at the time the premises were leased and that the plaintiffs had knowledge thereof. Plaintiffs claim that the defective condition was called to the attention of several of the inspectors of the appellant and that the inspectors promised to repair the same.

Two of the several inspectors were called by the defendant and denied that the condition of the stairs had been called to their attention.

Continued use of the stairs under the circumstances as described by the evidence cannot be said to be negligence as a matter of law. The finding of the trial court that the plaintiff Laura S. Halliday was not negligent as a matter of fact is warranted by the evidence.

A mortgagee in possession is bound to make necessary and needful repairs to the demised premises. (*Mortimer* v. *East Side Savings Bank*, 251 App. Div. 97, decided May 5, 1937, by the Appellate Division, Fourth Department.)

Judgment in each action affirmed, with costs.