MARY PANTANO, an Infant, by JOSEPH PANTANO, Her Guardian ad Litem, Respondent, *v.* ERIE COUNTY SAVINGS BANK OF BUFFALO, Appellant, Impleaded with FILOMENA MAGGIO and JOHN L. KIMBERLY, as Receiver of Premises 122 Seventh Street, Buffalo, N. Y., Defendants.

Fourth Department, June 28, 1939.

*A. T. O' Neill* [*Jacob Sicherman* with him on the brief], for the appellant.

*Michael J. Montesano*, for the respondent.

PER CURIAM. The plaintiff, a girl ten years of age, received physical injuries in falling through a hole in a fire escape. The hole was in the platform outside the window of an apartment occupied by the girl's family. The apartment was on the second floor of a brick building three stories in height and having accommodations for six families. The girl had been warned about the existence of the defect in the platform of the fire escape which had resulted from rust or corrosion of the metal bars which formed the platform of the fire escape. A stairway led from this platform to the apartment of the floor above. The girl had gone on the fire escape to get some stockings which had been hung up there to dry. The premises belonged to Filomena Maggio and were mortgaged to the defendant bank. The defendant bank had been given an assignment of rents by the owner which included the exclusive right to lease the property, to bring, prosecute and settle summary proceedings for the removal of tenants, or actions at law for the recovery of rents or of any damage done premises or for the abatement of any nuisance thereon, also to make necessary repairs and alterations to the building. Under this assignment of rents, the defendant bank had leased the property to the plaintiff's father who was also the janitor of the building. The arrangement for the renting of the apartment was made by the defendant bank's agent, Bert Maggio, with the plaintiff's mother. At the time that the defendant's agent, Maggio, showed the apartment to the plaintiff's mother she said to Maggio, "How can you ask sixteen dollars for these premises? There is no accommodations. There is no porch; no cellar." Maggio replied, "What

accommodations do you want? You have fire escape. You can use that as I did to hang clothes. You can put flowers there. You can stay there and take the sun. I lived here, had the same thing. You can do the same thing as I did." The apartment was then rented to plaintiff's father at fourteen dollars a month rental. We have no doubt that the assignment of rents gave to the defendant bank the possession of the premises as mortgagee in possession. (*Mortimer* v. *East Side Savings Bank,* 251 App. Div. 97.) The fire escape was not a part of the demised premises, but the use of the platform, so far as the defendant bank is concerned, was given to the tenant as appurtenant to the apartment. The common fire escape remained in the possession and under the control of the landlord. Under such circumstances it was the obligation of the landlord bank, even apart from the provisions of the Tenement House Law (§ 16, subd. 2, and § 102) to keep the fire escape in a reasonably safe condition. (*Malcolm* v. *Thomas,* 207 App. Div. 230; affd., 238 N. Y. 577.) The bank had been notified of the need of repairs to the fire escape before the accident occurred but had not made the necessary repairs. The girl in using the fire escape had the rights of an invitee. (Restatement of the Law of Torts, § 361.) Her contributory negligence was for the jury. We find no error in the charge to the jury. The judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment affirmed, with costs.