Walter R. Hart, J.
Plaintiff mortgagee in this foreclosure action moves to reargue the denial of his application that “ all sums of moneys expended and to be expended by the plaintiff herein, as specified in the annexed affidavit, for the preservation of the * * * mortgaged premises * * * be added to, and become a part of, the amount of the lien of the mortgages * * * be included in the reference to compute herein ”.
From the moving affidavit it appears that the mortgagor on May 10, 1958 executed and delivered an assignment of rents to plaintiff’s designee, one G-reenidge who was appointed collection agent. G-reenidge died in January, 1959, since which time plaintiff has been collecting the rents and managing the property. The action to foreclose was commenced five days after the *598 assignment of the rents. The unpaid balance of the principal at the time of the commencement of the action was $2,371.23 with interest and there were unpaid taxes totaling approximately $1,000.
The moving affidavit recites that at the time of the assignment of rents the premises were in a badly dilapidated condition; that the rents collected under the assignment were fully applied to the maintenance of the premises, which rents were insufficient to make proper repairs; that as a result there were serious heating and plumbing problems causing a curtailment of heat and water. This condition caused plaintiff to be fined on four separate occasions for violations filed by the Building Department, Health Department and the Department of Water Supply, Gas and Electricity. Moreover, notices have been served by the local rent office of the intention to reduce rents by 50% because of the violations which, in turn, caused a reduction in services. Liability insurance is unavailable because of the failure to make repairs. The estimated cost of making the specified repairs is about $5,000. Plaintiff has already advanced $950, while the deficit in the rent assignment account is $2,500.
The application herein is opposed by the United States Government which holds junior liens on the premises. The denial of the motion by the court was predicated on the fact that there is no provision in the mortgage or in law for the relief requested. Plaintiff on this instant motion has not adduced any substantive reason satisfactory to the court which warrants a contrary conclusion.
In support of its position plaintiff quotes from Mortimer v. East Side Sav. Bank (251 App. Div. 97) and cites the case of Nansen v. Holloway (266 App. Div. 1045). In Mortimer the court held that a person injured in premises under the control of a mortgagee who holds an assignment of rents was entitled to maintain an action for damages for personal injuries resulting from the negligent maintenance of the premises. The rationale of the decision was predicated on the theory that since an assignee was in control and was entitled to be reimbursed for sums expended for such repairs, he was therefore under a duty to make such repairs as were necessary to prevent injuries to invitees. In Nansen the court held that where a grantor sued to redeem property conveyed by her on the ground that the conveyance was in fact a mortgage, since the mortgagor (grantor) was seeldng relief in equity she must do equity. Plaintiff there was required to reimburse defendant for the moneys expended in completing the construction of a building which plaintiff had commenced prior to the conveyance. Another *599 illustration of the allowance of reimbursement for expenditures for repairs by a mortgagee in possession under an assignment of rents is found in Gordon v. Krellman (207 App. Div. 773, 781). There the mortgagee, an assignee of rents, sought judgment settling his account as assignee and to have the amount of the mortgagor’s debt to him determined. Plaintiff’s claim for credit for repairs made was contested. The court held ‘ ‘ plaintiff was rightly credited with all amounts in the nature of current renovation and repairs necessary for the upkeep of the property, as well as those made to secure tenants.”
It is to be observed, however, that none of the cases adverted to passed upon the rig’ht of junior liens or mortgages, nor does it appear that any were involved. To allow the plaintiff here to increase the amount of his lien under the circumstances present would contravene and defeat the purpose of the recording statute (Beal Property Law, § 290 et seq). In view of the absence of a provision in the mortgage permitting the relief requested by plaintiff, the court lacks authority to grant it. This conclusion is buttressed by the statement appearing in Truscott v. King (6 N. Y. 147, 157) where the court stated: “ The principle is well established, that a mortgage or judgment may be taken and held as a security for future advances and responsibilities, to the extent of it, when that forms a part of the original agreement, between the parties: and the future advances will be covered by the mortgage or judgment in preference to the claim under a junior intervening incumbrance, with notice of the agreement. The principle is, that subsequent advances cannot be tacked to a prior security, to the prejudice of a bona fide junior incumbrancer; but a mortgage or judgment are always good to secure future loans when there is no intervening equity.”
While public policy requires that violations be quickly removed from residential property, the relief requested may not be allowed to the prejudice of the rights of junior incumbrances.
Accordingly, the motion to reargue is granted and upon such reargument the original decision is adhered to.