■ LILLIAN DAVIDSON et al., Appellants, v. HILLCREST GENERAL HOSPITAL, Defendant and Third-Party Plaintiff-Respondent-Appellant. PIONEER BLOOD SERVICE, INC., Third-Party Defendant and Fourth-Party Plaintiff; WORLD BLOOD BANK, INC., et al., Fourth-Party Defendants.— In an action to recover damages (a) for personal injuries of plaintiff Lillian Davidson on the grounds of negligence (1st cause), breach of contract (2d cause) and breach of warranty (3d cause) and (b) for medical expenses, etc., incurred by her husband, plaintiff Joseph Davidson (4th cause), (1) plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered March 17, 1971, *inter alia* against them, upon the trial court's dismissal of the complaint and the third-party and fourth-party complaints after plaintiffs' attorney's opening address to the jury, and (2) defendant and third-party plaintiff Hillcrest General Hospital cross-appeals from so much of the judgment as is against it on its third-party complaint. Judgment reversed, on the law; the first, second and fourth causes of action in the complaint, and the third-party and fourth-party complaints, are reinstated; and new trial granted as to said portions of the complaint and as to the third-party and fourth-party complaints, with costs to abide the event. The appeals did not present questions of fact. In our opinion, the trial court erred in dismissing the complaint after the opening statement by plaintiffs' attorney. Such dismissals are not favored and should not be granted unless it is obvious that under no circumstances and in no view of the evidence which might be adduced can the plaintiff prevail (*Diglio* v. *Rosoff Subway Constr. Co.*, 242 App. Div. 643; *Malcolm* v. *Thomas*, 207 App. Div. 230, affd. 238 N. Y. 577). If there is any doubt as to plaintiffs' right to recover, the parties should be put to their proof (*Mortimer* v. *East Side Sav. Bank*, 251 App. Div. 97, 98). We

think that competent evidence of the allegations of the complaint, as amplified by the bill of particulars and counsel's opening statement, regarding improper administration of the transfusion, would present an issue of fact as to the hospital's liability in negligence and in contract. There is a question whether that negligence, if established, was the proximate cause of the infection and plaintiffs are entitled to offer evidence on that issue. Similarly, we think plaintiffs are entitled to an opportunity to prove that the hospital failed to take reasonable precautions to eliminate or minimize the use of infected blood in its transfusions. The cause of action based on breach of warranty as to the quality of the blood transfused was legally insufficient (*Perlmutter* v. *Beth David Hosp.,* 308 N. Y. 100; *Payton* v. *Brooklyn Hosp.,* 21 A D 2d 898, affd. 19 N. Y. 2d 610). Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.