■ ANNE O'LEARY, Appellant, v AMERICAN AIRLINES, Respondent. — In an action to recover damages for personal injuries and wrongful death, plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Robbins, J.), dated December 23, 1982, which granted defendant's motion to dismiss the action after the opening statement of plaintiff's counsel at trial, and which granted judgment to defendant. ¶ Order and judgment reversed, on the law, motion to dismiss the action denied, and matter remitted to the Supreme Court, Nassau County, for a new trial, with costs to abide the event. ¶ Plaintiff's decedent allegedly died as the result of injuries sustained while traveling as a passenger aboard defendant American Airlines' flight 573 from La Guardia Airport in New York City to Detroit, Michigan. According to the amended complaint and bill of particulars, the decedent's death resulted from asphyxiation when he choked on a piece of food while in an intoxicated state. It was alleged that defendant's negligence was the proximate cause of decedent's death, in that defendant, *inter alia,* permitted him to board the airplane while intoxicated, continued to serve him alcoholic beverages and food, failed to provide adequate emergency medical treatment and failed to comply with existing Federal Aviation Administration regulations pertaining to service of alcoholic beverages in flight. ¶ In its demand for a bill of particulars, defendant requested that plaintiff set forth the specific regulations allegedly giving rise to defendant's liability. In response, plaintiff stated that she would, at the time of trial, ask the court to take judicial notice of all statutes and regulations, including 14 CFR 121.575. Defendant thereafter moved, *inter alia,* for an order striking any reference to that regulation and precluding introduction of any evidence with respect thereto on the ground that it neither established a separate cause of action nor a standard for defendant's conduct. Special Term (Oppido, J.), denied that branch of that motion with leave to renew at the time of trial. ¶ Defendant renewed its motion on the eve of trial, and, on November 22, 1982, Trial Term (Robbins, J.) granted it in all respects. ¶ Immediately thereafter, counsel for plaintiff delivered his opening statement to the jury, in which he alleged that defendant was negligent in permitting the decedent to board the plane while intoxicated and in serving food and alcoholic beverages to him on board while he remained in an intoxicated state. At the conclusion of the opening statement, counsel for defendant moved to dismiss the action upon the ground that plaintiff could not, as a matter of law, prove a cause of action for negligence, because defendant owed no duty to refrain from furnishing alcoholic beverages to plaintiff's decedent. Trial Term granted the motion and thereafter granted judgment to defendant. Plaintiff appeals from that judgment. ¶ At the outset, we agree with Trial Term that a breach of the Federal Aviation Administration's regulation did not give rise to an independent private cause of action in this case. The regulation (14 CFR 121.575) provides in pertinent part: ¶ "(a) No person may drink any alcoholic beverage aboard an aircraft unless the certificate holder operating the aircraft has served that beverage to him. ¶ "(b) No certificate holder may serve an alcoholic beverage to any person aboard any of its aircraft who — ¶ "(1) Appears to be intoxicated * * * ¶ "(c) No certificate holder may allow any person to board any of its aircraft if that person appears to be intoxicated". ¶ In order for the violation of a statute to create a cause of action for damages plaintiff must be one of the particular of class of persons which the statute was intended to protect (*Cort v Ash,* 422 US 66, 78). In *Manfredonia v American Airlines* (68 AD2d 131), we held that the instant regulation did give rise to a private cause of action against an airline on behalf of a third party who was assaulted by an intoxicated passenger. However, we do not read the statute (US Code, tit 49, § 1421), or the regulations promulgated thereunder, as creating a private cause of action on behalf of an

intoxicated passenger for injuries sustained to himself. The purpose of the enabling statute is "to promote safety of flight of civil aircraft in air commerce" (US Code, tit 49, § 1421, subd [a]). Viewed in that context, the regulation serves to ensure the safety of the flight and thus of the passengers who might be endangered by the conduct of an intoxicated passenger. However, the regulation does not serve to protect such an intoxicated passenger from his own conduct which poses no discernible risk to the safety of the flight itself or to the safety of the other passengers. Thus, in this case, recognition of a private right of action on behalf of the decedent for breach of the regulation is not consistent with the statutory purpose (*Cort v Ash, supra*, p 78; see, also, *Haley v Western Airlines*, 708 F2d 400; *Rauch v United Instruments*, 548 F2d 452; *Halama v New Horizons Helicopter Corp.*, 17 Avi 17,339; *Griner v Dugan*, 16 Avi 17,842). ¶ We are also in agreement with Trial Term's conclusion that plaintiff could not introduce evidence of a breach of the regulation for the purpose of proving negligence on the part of the defendant airline. Generally, the violation of a regulation constitutes some evidence of negligence, which the jury may consider along with all of the other evidence bearing on the issue (*Long v Forest-Fehlhaber*, 55 NY2d 154, 160; *Conte v Large Scale Dev. Corp.*, 10 NY2d 20, 29). However, this rule is qualified to the extent that the actual injury must have been a consequence against which the regulation was intended to protect (*Chester Litho v Palisades Interstate Park Comm.*, 33 AD2d 202, 205, affd 27 NY2d 323). We have already noted that the regulation in question is intended "to promote safety of flight" (US Code, tit 49, § 1421, subd [a]) and not to protect individual passengers from the consequences of their own consumption of alcoholic beverages. Stated otherwise, the regulation is intended to protect against interference with the safe operation of the aircraft by an intoxicated person, and also to protect the other occupants of the aircraft from the harmful conduct of an intoxicated person (*Manfredonia v American Airlines*, 68 AD2d 131, *supra*); the regulation simply is not intended to protect an individual passenger from choking to death as the result of his own intoxication. Thus, Trial Term properly precluded plaintiff from introducing evidence with respect to the regulation and defendant's alleged breach thereof. ¶ We do not agree with Trial Term, however, that the common-law causes of action for personal injuries and wrongful death should have been dismissed at the conclusion of plaintiff's opening statement. It is well settled that dismissals at that juncture are not favored (*Davidson v Hillcrest Gen. Hosp.*, 40 AD2d 693) and should be granted only where it clearly appears either that (1) the complaint does not state a cause of action, (2) the cause of action is conclusively defeated by an admitted defense, or (3) counsel by admissions or statements of fact has subverted his cause of action (*Becker v David Askin, Jr., Inc.*, 36 AD2d 520; *Black v Judelsohn*, 251 App Div 559, 560; see, also, 8 Carmody-Wait 2d, NY Prac, § 59:13). In the case at bar, Trial Term dismissed the complaint upon the ground that, except for commercial dispensers of alcoholic beverages (General Obligations Law, § 11-101), there is no liability upon one who furnishes liquor to a person who thereby becomes intoxicated and in consequence of his intoxication causes injury to himself or to another (*Gabrielle v Craft*, 75 AD2d 939). However, the defendant in this case is not a private person but a common carrier, which owed a duty to plaintiff's decedent to exercise reasonable care for his safety "in keeping with the dangers and risks known to the carrier or which it should reasonably have anticipated" (PJI 2:161). Moreover, if a passenger suffers from a disability such as intoxication, there is a further duty on the part of a common carrier "to exercise such additional care or to render such aid for his safety and welfare as is reasonably required by the passenger's disability and the existing circumstances, providing that the carrier's employees know or in the exercise of reasonable care

have reason to know of the passenger's disability" (PJI 2:162; see 14 Am Jur 2d, Carriers, § 959). ¶ Applying these principles to the instant case, we conclude that Trial Term erred in dismissing the action after plaintiff's opening statement. The amended complaint, as amplified by the bill of particulars and the opening statement, was sufficient to make out the existence of a duty on the part of defendant common carrier as well as a breach thereof. Thus, plaintiff sufficiently stated a cause of action for negligence, and she is entitled to an opportunity to present her proof at trial. Titone, J. P., Bracken and Niehoff, JJ., concur.

Weinstein, J., dissents and votes to affirm the order and judgment appealed from, in accordance with the following memorandum, in which O'Connor, J., concurs: I do not subscribe to the conclusion of my learned colleagues of the majority that airline carriers owe to their passengers suffering from a disability such as intoxication a special duty of protection from the consequences thereof, to the extent of refusing to provide such passengers with food and beverage service which is commonly made available by the airline to its patrons. ¶ As per my interpretation of the law, defendant owed no such duty to plaintiff's decedent either pursuant to 14 CFR 121.575 or principles of common-law negligence. ¶ With respect to the statutory claim, my views are consonant with those of the majority. Although this court previously found the existence of a cause of action under 14 CFR 121.575 on behalf of a third-party who had been assaulted by an intoxicated fellow passenger to whom the airline had served the alcoholic beverages (*Manfredonia v American Airlines,* 68 AD2d 131), the instant case is clearly distinguishable. Here, decedent's injuries were the result of his own voluntary intoxication. Where the underlying purpose of the subject regulation was to ensure the safe operation of the aircraft by minimizing the disorderliness caused by intoxicated passengers (see FR Doc 59-5580, filed July 2, 1959), it is extremely doubtful that a passenger whose death resulted from his own intoxication comprised " 'one of the class for whose *especial* benefit the statute was enacted' " (*Cort v Ash,* 422 US 66, 78, quoting from *Texas v Pacific Ry. Co. v Rigsby,* 241 US 33, 39). Accordingly, the holding in *Manfredonia v American Airlines* (*supra*) should not be extended to the facts of this case. Nor does plaintiff have a cause of action under New York's Dram Shop Act (General Obligations Law, § 11-101) inasmuch as that act does not have extraterritorial application (*Manfredonia v American Airlines, supra,* pp 135-137). ¶ Notwithstanding the common-law rule that a common carrier owes the highest duty of care to a passenger (see *Croce v Bromley Corp.,* 623 F2d 1084, cert den 450 US 981; *Fleming v Delta Airlines,* 359 F Supp 339), plaintiff has failed to present in her opening statement any cause of action for common-law negligence. The mere act of allowing plaintiff's decedent on the airplane could not possibly be construed as the proximate cause of his death by choking. More fundamentally, no special duty exists at common law on the part of an owner of a premises to protect a person from the consequences of his voluntary intoxication (*Gabrielle v Craft,* 75 AD2d 939, 940; *Paul v Hogan,* 56 AD2d 723; *Moyer v Lo Jim Cafe,* 19 AD2d 523, 523-524, affd 14 NY2d 792). Since defendant owed the intoxicated decedent no special duty to protect him from the results of his voluntary intoxication, it could not be held liable for negligence based upon the service of alcoholic beverages irrespective of what facts were presented at trial relevant to breach of duty, proximate cause or damage (see *Palsgraf v Long Is. R. R. Co.,* 248 NY 339). ¶ It is well settled that "[t]he risk reasonably to be perceived defines the duty to be obeyed" (*Palsgraf v Long Is. R. R. Co., supra,* p 344). It is thus inconceivable that defendant could be held liable for negligence based upon its service of food to a passenger. The mere act of serving food and beverages to a person could not reasonably be foreseen as causing that person

to choke. Defendant's conduct vis-à-vis plaintiff's decedent was thus not patently unreasonable. On the contrary, serving food to an inebriated person, assuming, *arguendo,* that the airline actually knew of decedent's state, is commonly perceived as a means of attempting to ameliorate that condition. It is questionable whether defendant could legitimately have refused to serve food or drink to decedent, a first-class passenger who requested this service. Imposing a duty upon airlines to examine their passengers prior to serving them would clearly be unduly onerous. In my view, recognition of claims of this nature against airlines would raise the spectre of indeterminate liability. ¶ In the particular circumstances of this case, there was no evidence that defendant actually knew of decedent's intoxicated or disabled state. Plaintiff's counsel proffered no such evidence in the course of the opening statement and conceded that he had no evidence to offer other than plaintiff's own testimony concerning decedent's condition at the time he boarded the plane. On the other hand, two flight attendants averred, in the course of their depositions, that there had been nothing unusual about decedent's appearance and demeanor. They each had occasion to converse with him and unequivocally stated that he did not appear to have been intoxicated. During the course of the flight, decedent was regularly in view of the flight attendants and at no point requested or appeared to be in need of any assistance. The only observed change in decedent's behavior was his falling asleep. While a carrier would have a duty to obtain assistance for a passenger once he or she has exhibited substantial signs of illness, this does not appear to have been the situation here. ¶ Further damaging to plaintiff's case is the fact that the activity on defendant's part which was allegedly the cause of a passenger's demise was merely incidental to the primary service which defendant had contracted to provide for decedent, i.e., transportation from New York to Detroit. The instant situation is thus distinguishable from those cases in which carriers were held liable for actions or omissions relating directly to the activity for which they were contracted (PJI 2:162). Thus, in the course of moving passengers from one designated location to another, carriers are duty bound to remove a passenger who is or who has become too ill to travel and to place such passenger in a safe place (*Jones v New York Cent. R. R. Co.,* 4 NY2d 963; *Middleton v Whitridge,* 213 NY 499); to keep passengers in a safe position while traveling (*Longacre v Yonkers R. R. Co.,* 236 NY 119; *Fardette v New York & Stamford Ry. Co.,* 233 NY 660); and to conduct them safely to their destinations (*Elliott v New York R. T. Corp.,* 293 NY 145; *Fagan v Atlantic Coast Line R. R. Co.,* 220 NY 301). The act involved herein — the service of alcoholic beverages or food to an allegedly intoxicated passenger — is not recognized at common law as violative of the duty of a common carrier. I therefore conclude that the afore-mentioned holdings should not be extended to a case such as this where no actual knowledge of decedent's state was established and where plaintiff's claim is predicated upon the carrier's performance of a service which is merely incidental to its principal function. ¶ Although the dismissal of an action after counsel's opening statement is not generally a favored practice (see *Davidson v Hillcrest Gen. Hosp.,* 40 AD2d 693), it was entirely proper for the trial court to have dismissed the action in the instant case. In my view, it would be futile to remit the matter for a full trial inasmuch as there was no special duty owed by defendant to plaintiff's decedent, the breach of which would constitute an actionable tort.