**Marian V. PAOLONE and Mark Paolone, Plaintiffs,**

v.

**AMERICAN AIRLINES, INC. Defendant.**

**No. 86 Civ. 9713 (WK).**

United States District Court, S.D. New York.

Feb. 21, 1989.

David M. Kreitzer, New York City, for plaintiffs.

John M. Downing, New York City, for defendant.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Plaintiff Marian V. Paolone alleges that she travelled with American Airlines at a time when she was suffering from a head cold; that she suffered permanent ear damage from changes in air pressure incidental to such flight; that persons suffering from head colds are peculiarly subject to such danger; and that defendant was negligent in having failed to warn her of danger.[1] Defendant, citing an opinion by the late Judge Werker of this court, *Sprayregen v. American Airlines, Inc.* (S.D.N.Y.1983) 570 F.Supp. 16, moves for summary judgment on the ground that it had no duty to warn. Plaintiff urges us not to be guided by Judge Werker's opinion. For reasons that follow, we do not pass upon the correctness of that opinion, but deny the motion on other grounds.

## FACTS

The basic facts are not in dispute. On September 19, 1983, plaintiff was a passenger aboard defendant's Flight #257 from New York to San Francisco. She had a

---

**1.** Although plaintiff's counsel indicated in a pre-motion conference that he primarily relies on a theory of failure to warn, we note that his formal papers assert other theories of negligence. Plaintiff's Supplemental Answer to In-terrogatories, annexed as Exhibit 6 to the Affirmation of Thomas Mehrtens, Esq., sworn to on September 21, 1988.

Plaintiff's husband Mark Paolone alleges a derivative cause of action for loss of services.

head cold before boarding the flight but was not taking any medication. During the course of the flight she experienced an "uncomfortable feeling" in her head. She reported her discomfort to airline personnel, who suggested that it was probably caused by the length of the flight, and did not offer any medication or other relief.

Upon disembarking from the plane she experienced a "terrible feeling" in her ear which affected her hearing, speech and equilibrium. After enduring these symptoms for several days, she was examined by a hotel doctor, who dispensed some analgesics and advised her to return home as soon as possible and see her own physician. She has been tested and treated by a series of doctors, and maintains that she has suffered permanent damage to her hearing, speech and equilibrium.

In answer to interrogatories, defendant has admitted that it was aware that passengers suffering from head colds are peculiarly susceptible to the damage plaintiff suffered.

### Judge Werker's Opinion

The facts before Judge Werker in *Sprayregen, supra,* were substantially similar to those at bar, except that the plaintiff in that case had not reported his discomfort to the flight attendants. Specifically noting plaintiff's failure in this regard, and observing that "a different rule might apply" had plaintiff made such a report, 570 F.Supp. at 18, Judge Werker ruled that defendant airline had been under no duty to warn plaintiff of any danger arising from his peculiar physical condition. His opinion found it unreasonable to require airlines to warn passengers of the myriad dangers faced by people flying with particular physical and emotional conditions, citing the practical difficulties in establishing means to prevent injuries not likely to be suffered by fit passengers, and the ex-

pense involved in conducting the extensive, continuous studies that would be necessary to assure inclusion of every potential harm in such warnings. The opinion also noted the likelihood of increased litigation over the relative effectiveness of the various potential forms of such warnings, such as posting signs, making notations on tickets, and distributing flyers along with tickets.

### The Case Before Us

 We agree with Judge Werker's observation that a different rule should apply when a passenger, like the instant plaintiff, duly notifies flight personnel of discomfort suffered in the course of a flight. That observation is fully justified by the case cited in its support, *American Airlines v. Marchant,* (1st Cir.1957) 249 F.2d 612.[2] *See also O'Leary v. American Airlines* (2d Dep't 1984) 100 A.D.2d 959, 475 N.Y.S.2d 285, 288 ("[T]here is a further duty on the part of a common carrier 'to exercise such additional care or to render such aid for [the passenger's] safety and welfare as is reasonably required by the passenger's disability and the existing circumstances, providing that the carrier's employees know or in the exercise of reasonable care have reason to know of the passenger's disability.' ").

We accordingly cannot grant defendant's motion for summary judgment. Of course, we express no view as to whether or not plaintiff can establish that there were, at the time in question, known remedies that could have been administered to plaintiff during the flight; and that the defendant was negligent either in failing to equip its flight personnel with such remedies or failing to train them as to their proper use; or whether or not defendant was in some other way negligent in responding to plaintiff's in-flight complaints.

---

2. In *Marchant,* a case which similarly involved in-flight ear injury on the part of a passenger, the negligence alleged was the flight personnel's failure (after timely in-flight notification of the passenger's distress) to provide available medication to relieve his ear pressure and to operate manual cabin pressure controls so as to remove

the cause of his discomfort. The Court of Appeals affirmed the District Court's denial of the defendant's motions for a directed verdict and for judgment notwithstanding the verdict, holding that the issues of negligence and causation of the plaintiff's permanent ear damage had properly been left to the jury. 249 F.2d at 614.

## CONCLUSION

Defendant's motion for summary judgment is denied. Counsel shall appear for a status conference on March 7, 1989 at 4:30 p.m. in Courtroom 619.

SO ORDERED.