■ NORMA GONZALEZ et al., Plaintiffs, v DREW DEMASTERS et al., Defendants and Third-Party Plaintiffs-Appellants. GREEN POINT SAVINGS BANK, Third-Party Defendant-Respondent. (And Another Action.) [675 NYS2d 882] —In a negligence action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated March 13, 1997, as granted that branch of the motion of the third-party defendant, Green Point Savings Bank, which was to dismiss the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion which was to dismiss the third-party complaint is denied, and the third-party complaint is reinstated.

The plaintiffs allege that they were exposed to lead poisoning while they were tenants in a building owned by the defendants third-party plaintiffs. A third-party action was commenced against Green Point Savings Bank (hereinafter Green Point), the mortgagee, inter alia, for indemnification and contribution. Contrary to Green Point's contention that it never owned, possessed, or controlled the subject premises, we conclude that triable issues of fact exist as to whether it was a mortgagee in possession during the time of the alleged exposure and, if so, whether it breached a duty of care (see, Mortimer v East Side Sav. Bank, 251 App Div 97; Pantano v Erie County Sav. Bank, 257 App Div 451). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.