## (May 21, 1963)

■ ROSE B. MOYER, Respondent, v. LO JIM CAFE, INC., Appellant.— Judgment unanimously reversed on the law and on the facts, with costs to appellant, and complaint dismissed. The complaint in this action, as amplified by the bill of particulars, alleges that the injury received by plaintiff, a patron in the cafe of defendant, was occasioned by the negligent acts of defendant and the maintenance of "the establishment contrary to the rights granted to [defendant] by the State Liquor Authority". The trial court charged that portion of the provisions of section 65 of the Alcoholic Beverage Control Law prohibiting the sale or gift of any alcoholic beverage to an intoxicated person. The jury was told that a violation thereof was some evidence of negligence but was not conclusive. This was error. The Civil Rights Law (§ 16) grants a statutory right of action against one who sells or assists in procuring liquor for an intoxicated person. This section creates a cause of action unknown to the common law and not based on negligence. (2 N. Y. Jur., Alcoholic Beverages, § 116.) Furthermore, section 16 must be read in conjunction with section 65 of the Alcoholic Beverage Control Law but the latter section creates no independent statutory cause of action. Moreover, the cause authorized by section 16 is limited to a third party injured or killed by the intoxicated person, by reason of his intoxication. No cause of action exists in favor of the party whose

intoxication has resulted from the illegal sale. (*Scatorchia* v. *Caputo*, 263 App. Div. 304.) It follows that plaintiff's action could only be one for ordinary negligence. Judged by the principles applicable thereto the proof is overwhelming that plaintiff's fall and resulting injury were caused in part by her voluntary intoxicated condition. There was no special duty resting upon defendant to protect plaintiff from the results of her voluntary intoxication (cf. *Fagan* v. *Atlantic Coast Line R. R. Co.*, 220 N. Y. 301, 312). In the absence of such duty, the intoxicated condition of plaintiff was a relevant concurring cause of the injury constituting contributory negligence that bars recovery. (38 Am. Jur., Negligence, § 203; 1 Shearman & Redfield, Negligence, § 112.) Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.