■ THOMAS E. WOOD, Plaintiff, v. CITY OF NEW YORK, Defendant; EDWARD T. ZIELINSKI, Respondent, and FREDERICK W. POMERENKE et al., Appellants.— Order, Supreme Court, New York County, entered February 26, 1971, dismissing cross complaint against defendant, Zielinski, unanimously reversed, on the law, without costs and without disbursements, and the motion to dismiss cross claim is denied. The plaintiff had complained that the codefendants had sold intoxicating liquor to Zielinski while he was intoxicated, and so violated section 65 of the Alcoholic Beverage Control Law; the codefendants cross-claimed against Zielinski, the alleged perpetrator of the plaintiff's injuries. Special Term granted motion to dismiss the cross complaint, citing *Yamonaco* v. *Murphy* (38 Misc 2d 585). In reversing, we do so on the authority of *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143, 148–149). In this case, the Court of Appeals has, in effect, departed from the hitherto honored rules pertaining to active-passive dichotomy and enunciated new guidelines based on a shared responsibility in apportioning liability among parties involved together in causing damage by negligence. Said the court: "The conclusion reached is that where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against the third party. To reach that end there must necessarily be an apportionment of responsibility in negligence between those parties." Accordingly, we reverse and deny the motion to dismiss the cross claim. There will be no costs or disbursements, as the opinion of the Court of Appeals was subsequent to the submission at Special Term. Concur — Stevens, P. J., McGivern, Markewich, Tilzer and Eager, JJ.