■ MELVINA R. PAUL, Individually and as Administratrix of the Estate of PATRICK F. PAUL, Deceased, Appellant, v ROBERT B. HOGAN et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Plaintiff, individually and as administratrix of decedent's estate, commenced this negligence action to recover damages for pain and suffering and wrongful death occurring as a result of fatal injuries suffered by decedent on May 25, 1975 when he was struck by a motorcycle owned and operated by Ronald Austin and on which Frederick Frew was a passenger. Defendants in this action are Robert B. and Elizabeth Hogan who, on the evening of the accident, had given a party which decedent, Austin and Frew had attended and at which alcoholic beverages were served. On a motion to dismiss pursuant to CPLR 3211 (subd [a], par 7) the question before the court is whether a proper cause of action has been stated, not whether the cause of action can be proved *(Amico v Erie County Legislature,* 64 Misc 2d 829, revd on other grounds 36 AD2d 415, affd 30 NY2d 729). Accordingly, all of the factual allegations in the complaint must be assumed to be true and the pleadings as a whole are deemed to allege whatever cause of action that can be implied from its statement by fair and reasonable intendment *(Dulberg v Mock,* 1 NY2d 54, 56; *Condon v Associated Hosp. Serv. of N. Y.,* 287 NY 411, 414; *H. M. Brown, Inc. v Price,* 38 AD2d 680). A liberal reading of plaintiff's complaint discloses three possible theories upon which liability may be founded. The first is defendants' alleged negligence under either the Dram Shop Act or general principles of common-law negligence in serving alcoholic beverages to decedent. However, insofar as plaintiff attempts to plead a cause of action under the Dram Shop Act, it must be dismissed since aside from the failure to allege any unlawful sale of alcoholic beverages it is well settled that "No cause of action exists in favor of the party whose intoxication has resulted from the illegal sale" *(Moyer v Lo Jim Cafe,* 19 AD2d 523–524, affd 14 NY2d 792). Nor is this theory of recovery permissible under the general principles of common-law negligence since "there is no special duty resting on an owner of premises to protect a party from the results of his voluntary intoxication" (3 Warren's Negligence, Intoxicated Persons, § 1.01, p 320; see, also, *Vadasy v Feigel's Tavern,* 55 AD2d 1011). The second possible theory of recovery is defendants' alleged negligence in serving alcoholic beverages to Austin and Frew. This theory is based solely upon the Dram Shop Act. As such it is not enough for plaintiff to allege the serving of alcoholic beverages; plaintiff must also allege a sale of alcoholic beverages and her failure to do so is fatal to the pleading and necessitates dismissal (see *Edgar v Kajet,* 84 Misc 2d 100; see, also, Practice Commentary, McKinney's Cons Laws of NY, Book 23A, General Obligations Law, § 11-101, p

539). The final possible theory of recovery is defendants' alleged negligence in failing to supervise adequately and control the guests at their home. While it is well settled that such a duty does exist, this duty only "arises when the one in possession knows that he can and has the opportunity to control the third party's conduct and is reasonably aware of the necessity of such control" *(Bartkowiak v St. Adalbert's R. C. Church Soc.,* 40 AD2d 306, 310). Furthermore, such a duty of supervision by its very nature extends only to those persons who are physically present on defendant's property. Since in the instant case it appears from the pleadings that at the time of the accident decedent, Austin and Frew were on a public highway and not on defendants' property, insofar as plaintiff's complaint is based upon this theory, it must also be dismissed. Since the pleadings do not state a valid cause of action under any possible interpretation, it is not necessary to discuss whether sufficient papers were presented to the court to justify the grant of a summary judgment motion. (Appeal from order of Erie Supreme Court—dismiss complaint.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.