*8 OPINION OF THE COURT
William J. Crangle, J.
This is a motion by Beverly Weiss, third-party defendant, to dismiss the third-party complaint. The original action was brought by Richard Weiss as plaintiff against the defendant and third-party plaintiff Jeffrey P. Muller. The plaintiff, Weiss, operated a tavern in partnership with his wife, Beverly Weiss. Muller was a customer in the tavern and is alleged to have struck the plaintiff, Weiss, with a beer glass causing him serious personal injury. The complaint contains two causes of action, one upon the theory of common-law negligence and the other charging willful assault.
The third-party complaint filed by defendant Muller alleges that the injury, if any, was caused in whole or in part by the negligence of Beverly Weiss and her violation of the Dram Shop Act (General Obligations Law, § 11-101). The defendant and third-party plaintiff asks that if he is held in damages to the plaintiff Weiss that the third-party defendant, Beverly Weiss indemnify Muller or share his liability in proportion to their fault.
Upon the motion the third-party defendant argues that the third-party complaint fails to state a cause of action in that the Dram Shop Act does not provide a remedy for the intoxicated person, even if he is injured, but is intended only for the protection of third persons who "shall be injured in person, property, means of support, or otherwise by any intoxicated person” (General Obligations Law, § 11-101, subd 1) by giving such third person a cause of action against any person who shall have caused or contributed to such intoxication (Mitchell v The Shoals, 19 NY2d 338).
The third-party plaintiff here, however, does not seek recovery for injuries or property damages sustained by himself. He seeks to allocate the liability for plaintiff’s injuries amongst those, if any, who were at fault. The third-party defendant under the facts alleged could be found guilty of contributing to Muller’s intoxication and, thus, at fault under the Dram Shop Law in some degree for her husband’s injuries (Wood v City of New York, 39 AD2d 534; CPLR art 14). The third-party complaint also alleges common-law negligence sufficiently to require a trial of that issue (Dole v Dow Chem. Co., 30 NY2d 143).
The motion is denied, without costs.