Appeal from an order of the Supreme Court at Special Term, entered April 11, 1979 in Schenectady County, which denied a motion by Bruce Kaczmarek and Paul Kaczmarek to dismiss the cross claim of Schenectady County. On February 20, 1975, the appellant Bruce Kaczmarek, a student at the Scotia-Glenville High School, invited a number of his classmates to his parents’ home for a party. Among the guests was plaintiff’s intestate, Regina Gabrielle, who on the day of the party was 17 years and 10 months of age. At least some of those present, including Regina, consumed a quantity of alcoholic beverages. At about 11:30 p.m. the party broke up. Bruce and some of his guests entered his father’s car, which Bruce backed from the driveway and headed west on Worden Road. After proceeding only a few feet and pulling to the southerly curb, Bruce stopped the car and entered a conversation with one of the guests, who, with others, was standing and visiting outside the Kaczmarek home. At this point in time the defendant, Gary Craft, who had no connection with the party, was operating his father’s automobile and proceeding westerly on Worden Road. As he passed or was about to pass the Kaczmarek vehicle, he observed someone fall on the street directly in the path of his vehicle. His attempts to avoid contact were unsuccessful and Regina’s body was found on the northerly side of the street some distance westerly of the Kaczmarek residence. Regina was rushed to Ellis Hospital where she died eight days later as the result of severe brain damage sustained as a result of the accident. Thereafter, Regina’s father, Orlando E. Gabrielle (plaintiff), commenced an action against appellants Bruce and his father, Paul Kaczmarek, pursuant to EPTL 5-4.1 and 11-3.2. The negligence alleged in that complaint dealt exclusively with the ownership, operation and management of the Kaczmarek vehicle. Separate actions were also instituted against Gary Craft and his father, the Town of Glen-ville and the County of Schenectady (county). Prior to the consolidation of these actions, the county interposed an answer containing cross claims against all other defendants, and subsequent to consolidation, it served a cross claim against the appellants which was separate and distinct from the one against Kaczmarek contained in its answer. It is this later and independent cross claim which is the subject of this appeal. This cross claim seeks contribution from the appellants Kaczmarek, not by reason of the manner in which their vehicle was operated, but on the theory that they caused, encouraged and permitted the decedent, who was not experienced in the use of alcoholic beverages, to consume a quantity of same so that she became impaired, intoxicated, debilitated and unable to care for herself, and that the appellants knew her condition and failed to care for her and restrain her movement and permitted her to leave a place of safety for one of danger. The county contends that, if the plaintiff is awarded damages, the award will be due to the afore-mentioned conduct of the appellants who must then reimburse the county for any damages assessed against it. The Kaczmareks moved to dismiss the cross claim or, in the alternative, for summary judgment, primarily contending that they owed no duty to the county and that there could be no recovery against them because the decedent was guilty of contributory negligence as a matter of law. Special Term declined to dismiss the cross claim and, relying heavily on Bartkowiak v St. Adalbert’s R. C. Church Soc. (40 AD2d 306), concluded that a jury could *940 conceivably find that the appellants were negligent in failing to control the conduct or movement of their guest and could find that, due to her age and inexperience with alcohol, decedent was not acting unreasonably by imbibing a small quantity of alcohol and, therefore, was not contributorily negligent. It is well established that on a motion pursuant to CPLR 3211 (subd [a], par 7), the question presented is whether a cause of action has been stated, not whether the cause of action can be proved (Paul. v Hogan, 56 AD2d 723; Amico v Erie County Legislature, 64 Mise 2d 829, revd on other grounds 36 AD2d 415, affd 30 NY2d 729). Accordingly, all of the allegations in the complaint (or cross claim) must be assumed to be true and the pleadings as a whole are deemed to allege whatever cause of action that can be implied from its statement by fair and reasonable intendment (219 Broadway Corp. v Alexander’s Inc., 46 NY2d 506, 509; Dulberg v Mock, 1 NY2d 54, 56; Condon v Associated Hosp. Serv. of N. Y., 287 NY 411; Paul v Hogan, supra). All pleadings shall be liberally construed and policy considerations against dismissing third-party actions require that such complaints be entitled to a more liberal reading than others (Taft v Shaffer Trucking, 52 AD2d 255; Braun v City of New York, 17 AD2d 264, 268). Even with these principles in mind and being aware of the early stage of the development of this litigation and of a court’s reluctance to summarily dispose of negligence questions in all but the most egregious circumstances (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:8, p 430; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212:03), we nonetheless conclude that the cross claim must be dismissed. Under the common law, no tort cause of action lay against one who furnished, whether by sale or by gift, intoxicating liquor to a person who thereby became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another (Edgar v Kajet, 84 Mise 2d 100, affd 55 AD2d 597). The Legislature saw fit to alleviate the obstacles posed by the common law by enacting the Dram Shop Act so as to impose liability upon the commercial dispensers of alcoholic beverages. The Dram Shop Act must be narrowly construed, and if liability is to be extended so as to impose liability upon the social host, it should be accomplished through the legislative process and not through the courts (see Edgar v Kajet, supra, pp 103-104). Accordingly, the cross claim should be dismissed. Concededly, no sale of an alcoholic beverage is alleged and, in fact, none occurred. Such failure to allege a sale is fatal to a claim under the Dram Shop Act (Paul v Hogan, supra). Hence, Special Term’s reliance on Bartkowiak (supra) and the other Dram Shop cases, where there was a sale, was misplaced. Section 65 of the Alcoholic Beverage Control Law is entitled "Prohibited Sales” (emphasis added) and clearly was not intended to apply to noncommercial transactions such as the one presented in the case at bar. Nor is the use of the phrase "no person shall sell, deliver or give away” an indication of legislative intent to include the social host. Rather, its plain purpose was to cover, and bring within the ambit of the statute, those instances where the proprietor of a licensed establishment, or his agent or employee, provides the customer with the traditional "drink on the house”. The statute’s title and its terms manifest the obvious intent to exclude from its coverage the social host who gratuitously provides his guest with an alcoholic beverage. Order reversed, on the law, and cross claim dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.