■ GORDON L. HUYLER, Appellant, v DONALD L. ROSE, et al., Respondents. (And a Third-Party Action.) — Order unanimously modified and, as modified, affirmed, with costs to appellant, in accordance with the following memorandum: In this action to recover damages for personal injuries sustained by plaintiff when he was intentionally or negligently pushed by defendant Gerald Rose, during a graduation party, into a bonfire on the front lawn of premises owned by defendants Donald and Linda Rose, plaintiff appeals from an order which dismissed his complaint against the Roses for negligence and violation of the Dram Shop Act (General Obligations Law, § 11-101; CPLR 3211, subd [a], par 7). The motion to dismiss was not converted into a motion for summary judgment (see CPLR 3211, subd [c]). Nevertheless, extrinsic material such as the bill of particulars and affidavits on the motion may be considered in determining whether plaintiff has a "potentially meritorious" cause of action (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636; see *Kelly v Bank of Buffalo*, 32 AD2d 875; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.43; 6 Carmody-Wait 2d, NY Prac, § 38:19). Special Term properly dismissed the cause of action for violation of the Dram Shop Act because there is no allegation of a sale of alcoholic beverages at the party. It erred, however, when it dismissed the negligence cause of action. A property owner, in the circumstances of the factual allegations of this case, has the duty to control the conduct of persons present on his property when he "knows that he can and has the opportunity to control the third parties' conduct and is reasonably aware of the necessity for such control" (*Mangione v Dimino*, 39 AD2d 128, 129; see, also, *Basso v Miller*, 40 NY2d 233, 241; *Bartkowiak v St. Adalbert's R. C. Church·Soc.*, 40 AD2d 306). Plaintiff's bill of particulars and his affidavit in

opposition to the motion to dismiss state that the Roses knew or should have known of the necessity to control the conduct of Gerald Rose in the proximity of the open fire because of his intoxicated, argumentative and combative state and "propensities". According to plaintiff's allegations, the Roses shirked this responsibility by leaving Gerald Rose unattended. These allegations are sufficient, on their face, to make out a cognizable cause of action (*Mangione v Dimino, supra*). (Appeal from order of Supreme Court, Chemung County, Smyk, J. — dismiss complaint.) Present — Simons, J. P., Hancock, Jr., Doerr, Moule and Schnepp, JJ.