OPINION OF THE COURT
David O. Boehm, J.
This is a motion to dismiss the complaint of plaintiff, Donald Kohler, Jr., or, in the alternative, for summary judgment. Plaintiff’s claim against defendants Jack and Vicki Wray is grounded upon common-law negligence and violation of the Dram Shop Act (General Obligations Law, § 11-101).
It appears that on February 21, 1981, the defendants invited several friends to their home for a housewarming party which featured a band and several kegs of beer. After the party had been in progress for some time the plaintiff arrived and was told by Jack Wray to help himself to the *857 beer that was downstairs in the cellar. Plaintiff claims that at this time he was also encouraged by Wray to contribute some money so that more beer could be purchased.
Not long after his arrival at the party, plaintiff approached Kelly Piersons who, unbeknown to plaintiff, was married and in the company of her husband, and asked her to dance. There is some dispute as to the intervening details, but within a short time plaintiff and Mr. Piersons exchanged blows, with the result that plaintiff’s jaw was broken.
Thereafter, the plaintiff commenced these lawsuits against the Wrays, alleging that they negligently caused or permitted Mr. Piersons to become intoxicated and that, knowing he was intoxicated, they negligently permitted him to assault and injure the plaintiff. In his bill of particulars, plaintiff also raises a violation of the General Obligations Law, presumably referring to section 11-101, New York’s “Dram Shop Act”.
Defendants now seek either dismissal of the complaint for failure to state a cause of action or, alternatively, summary judgment.
Section 11-101 of the General Obligations Law authorizes recovery for injuries caused by an intoxicated person from “any person” who unlawfully contributes to his intoxication. It is settled, however, that liability under the statute does not flow from the mere service of alcohol to an intoxicated person, but instead requires a “prohibited sale” as that term is defined by section 65 of the Alcoholic Beverage Control Law (Gabrielle v Craft, 75 AD2d 939; Huyler v Rose, 88 AD2d 755; Paul v Hogan, 56 AD2d 723). No such sale has been alleged or shown to have occurred here.
Although section 65 of the Alcoholic Beverage Control Law provides that “No person shall sell, deliver or give away” alcohol to certain persons, the courts of this State have uniformly held that the law has no application to a social host in a noncommercial setting (see Huyler v Rose, supra; Gabrielle v Craft, supra; Paul v Hogan, supra; Edgar v Kajet, 84 Misc 2d 100, affd 55 AD2d 597, mot for lv to app dsmd 41 NY2d 802). Although the words “give *858 away” are included, the plain purpose of this statutory language was to include within the ambit of the sanctions “those instances where the proprietor of a licensed establishment * * * provides the customer with the traditional ‘drink on the house’. The statute’s title [Prohibited Sales] and its terms manifest the obvious intent to exclude from its coverage the social host who gratuitously provides his guest with an alcoholic beverage” (Gabrielle v Craft, supra, p 940).
Plaintiff’s suggestion that defendant forsook,the protection of the “social host” exception to section 65 of the Alcoholic Beverage Control Law when they asked their guests to “chip in” for the beer served is unpersuasive. In the circumstances of this case such conduct alone, unaccompanied by any expectation of pecuniary gain, falls far short of the type of commercial activity that section 65 of the Alcoholic Beverage Control Law was intended to prohibit (see Edgar v Kajet, 84 Misc 2d 100, 103-104, supra; Miller v Owens-Illinois Glass Co., 48 Ill App 2d 412; cf. Bartkowiak v St. Adalbert's R. C. Church, 40 AD2d 306, with “Dramshop Act — Nonbusiness Seller”, Ann., 8 ALR3d 1412, and cases cited therein). Accordingly, plaintiff’s actions based upon a violation of section 11-101 of the General Obligations Law are dismissed.
Nor does the common law recognize a right of action against a host based upon his serving alcohol to one who later injures another (Paul v Hogan, supra) and, insofar as plaintiff’s second cause of action asserts such a claim, it, too, is dismissed.
The common law recognizes a landowner’s duty to take reasonable precautions to supervise a guest to prevent him from harming others, provided that the host “ ‘knows that he can and has the opportunity to control the third party’s conduct and is reasonably aware of the necessity of such control’ ” (56 AD2d, at p 724; Huyler v Rose, supra; Mangione v Dimino, 39 AD2d 128). In addition, a landowner is under a duty to act in a reasonable manner to prevent harm to those on his property, and the standard of care must be determined in view of all the circumstances of the case (Basso v Miller, 40 NY2d 233, 241; Scurti v City of New York, 40 NY2d 433, 437; Treat v Ponderosa Systems, *859 Index No. 81-2682, Special Term, Supreme Ct, Broome County, April 27, 1982). Sympathetically read, the complaint adequately states a claim against defendants based upon breach of this duty (see Huyler v Rose, supra).
However, defendants also seek summary judgment. Although they have submitted nothing to relieve defendant, Vicki Wray, of liability, they have offered proof that Jack Wray had neither reason to anticipate nor opportunity to prevent Piersons from assaulting plaintiff.
A reading of the transcript of Jack Wray’s examination before trial indicates that Piersons had arrived at the party shortly before the plaintiff and that, as far as Wray knew, Piersons had not had much to drink prior to his altercation with plaintiff. Jack Wray testified that he heard neither argument nor shouting prior to the altercation and that until then Piersons had been acting “formal”. He further stated that he had never before seen Piersons fight with anyone, whether over his wife or for any other cause. Finally, Wray testified that although he saw most of the fight, it had occurred and ended so quickly that he did not have time to intervene.
Although plaintiff urges that the transcript of his own examination before trial raises factual issues as to defendant Jack Wray’s liability, no such issues are in fact made to appear. As plaintiff describes the incident, he was asking Kelly Piersons to dance when her husband, whom he had not previously noticed, “pulled her arm away, and kind of shoved me aside, and there was arguing between him and her, and I was trying to apologize, saying I only asked her to dance and I didn’t know she was your wife, and he still had fire in his eye, and I couldn’t talk him out of it. I turned around to set my drink down, and before I even got turned back around, he let me have it right there”. By plaintiff’s own account, neither defendant appeared to be nearby at the time of his confrontation with Piersons and “things happened pretty quick”.
While plaintiff alleged that Piersons’ attack was preceded by a brief argument with his wife, plaintiff admitted he could not make out what Piersons was saying even though the two men were never more than 8 to 10 feet *860 apart. More importantly, there is no evidence that either defendant was or should have been aware of this argument.
Prior to the altercation plaintiff had not seen Piersons cause any other problems or heard him use loud or boisterous language, and had not seen him “drink a drop” of alcohol. In fact, plaintiff had been previously unaware of Piersons’ presence at the party. Moreover, plaintiff nowhere stated that Piersons was drunk or acting drunk at the party. Rather, when asked whether his alleged assailant appeared intoxicated, plaintiff responded with a surmise: “I think that would have to cause his action, yes.”
In short, plaintiff has offered nothing to rebut defendant’s proof that Jack Wray had neither notice of, nor an opportunity to prevent, the assault alleged by Kohler* (see Burgess v Garfield 49th St., 1 Misc 2d 60).
Plaintiff cites several cases which in his opinion foreclose a grant of summary judgment here. They are, however, distinguishable. Two of plaintiff’s cases, Huyler v Rose (supra) and Molloy v Coletti (114 Misc 177) dealt only with the sufficiency of the complaint, an issue which in this case has already been resolved in plaintiff’s favor. The others, to the extent that they dealt with a host’s liability for the torts of his guests, involved circumstances in which the defendant had been given advance notice of his guest’s violent propensities and had an opportunity to guard against them (see, e.g., Betancourt v 141 East 57th St. Corp., 56 AD2d 823 [assailant permitted to re-enter premises within minutes of his involvement in a violent fight]; Treat v Ponderosa Systems, Index No. 81-2628, Supreme Ct, Broome County, April 27, 1982, supra [assailant had become “high” on alcohol which he had unlawfully introduced and consumed in defendant restaurant with approval of defendant’s employees]). In fact, in Nallan v Helmsley-Spear (50 NY2d 507, 519) the Court of Appeals was careful to point out: “Of course, a possessor of land, whether he be a landowner or a leaseholder, is not an insurer of the visitor’s safety. Thus, even where there is an *861 extensive history of criminal conduct on the premises, the possessor cannot be held to a duty to take protective measures unless it is shown that he either knows or has reason to know from past experience ‘that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety of the visitor’ (Restatement, Torts 2d, § 344, Comment f). Only if such conditions are met may the possessor of land be obliged to ‘take precautions * * * and to provide a reasonably sufficient number of servants to afford a reasonable protection’ (id.)”
Plaintiff here has shown nothing in either Piersons’ conduct on the night of the party or his prior history which could have put defendants on notice that he was likely to be a danger to anyone at their party. In the absence of such proof, and considering defendant Jack Wray’s showing of nonliability, plaintiff’s claim against him must fall.
“While summary judgment is granted infrequently in negligence actions, the remedy should be granted without hesitation where there is no merit to the cause of action. When defendant presented factual proof that the accident was caused by the acts of a person for which defendant was not liable, plaintiffs were required to come forward with evidentiary data indicating a legally responsible link between defendant and the injuries sustained. Surmise or suspicion not founded on evidentiary facts should not bar relief to defendant.” (Blake v Gardino, 35 AD2d 1022, 1023, affd 29 NY2d 876.)
Since plaintiff has demonstrated no genuine issue respecting the liability of Jack Wray in this case, summary judgment is granted in that defendant’s favor only (see Ahl v Martin, 82 AD2d 938).

 Plaintiff alleges that Vicki Wray knew Piersons to be a “jealous person” but this fact alone would be insufficient to charge Jack Wray with notice of a combative propensity in his guest.