■ SCOTT HERRICK, Appellant, v SECOND CUTHOUSE, LTD., t/a FORBIDDEN FOREST, Respondent. JAMES P. COURTNEY, Third-Party Defendant. — In an action to recover damages for personal injuries pursuant to section 11-101 of the General Obligations Law, plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated October 31, 1983, which granted defendant's motion to renew its motion for leave to amend its answer to assert the affirmative defenses of setoff and apportionment, and, upon renewal,

granted the motion for leave to amend. ¶ Order affirmed, without costs or disbursements. ¶ In a Dram Shop Act action, the vender of alcohol and the intoxicated tort-feasor are "subject to liability for damages for the same personal injury, injury to property or wrongful death", and, accordingly, may claim contribution among themselves as to compensatory damages awarded to the injured party (CPLR 1401; *Wood v City of New York,* 39 AD2d 534; *Anderson v Comardo,* 107 Misc 2d 821). Exemplary damages awarded pursuant to the Dram Shop Act are in the nature of a penalty, and, therefore, are not subject to contribution principles (see *Mitchell v The Shoals, Inc.,* 48 Misc 2d 381, affd 26 AD2d 78, affd 19 NY2d 338; *Anderson v Comardo, supra*). ¶ Respondent, a vendor of alcohol, seeks to amend its answer to include the affirmative defenses of setoff and apportionment. Plaintiff has settled his claim against the intoxicated tort-feasor by entering a consent judgment in his favor in the amount of $500,000. Therefore, respondent's ultimate liability, if any, in compensatory damages may be reduced by either the amount stipulated in the settlement or the settling tort-feasor's equitable share of the compensatory damages, whichever is greater (see General Obligations Law, § 15-108, subd [a]). ¶ Respondent's proposed amendment to its answer clearly has merit and is legally sufficient. Accordingly, we affirm (see *Simon v Wohl,* 93 AD2d 818). Lazer, J. P., Gibbons, Bracken and Lawrence, JJ., concur.