FRANCINE M. ALLEN, Respondent, v COUNTY OF WESTCHESTER, Appellant, et al., Defendant.

Second Department, August 12, 1985

## APPEARANCES OF COUNSEL

*A. Paul Goldblum* (*Debra B. DiCicco* of counsel), for appellant.

*O'Keeffe & Moloney* (*Robert James Friedman, Alfred F. Dugan* and *Kevin D. Moloney* of counsel), for respondent.

### OPINION OF THE COURT

WEINSTEIN, J.

This appeal concerns a claim for damages for conscious pain and suffering of plaintiff's deceased husband who became intoxicated, fell and sustained fatal injuries at "The Pub", a bar dispensing beer and wine on the campus of Westchester Community College. Plaintiff originally served a notice of claim and commenced an action, in her individual capacity, against the County of Westchester, Westchester Community College and the Faculty-Student Association of Westchester Community College, Inc. In addition to the claim in issue here, the complaint also contained a claim for damages for wrongful death and loss of services. Among the specific acts of negligence charged was defendants' failure to provide "adequate and trained personnel" to properly monitor, supervise, police and control the premises and guests. After having been appointed administratrix of decedent's estate, plaintiff served a second notice of claim, this time in her capacity as administratrix, and served a second summons and complaint.

Plaintiff thereafter moved, *inter alia,* to amend her first notice of claim, which had been served in her individual capacity, to include her as claimant in her representative capacity. The motion was denied (Buell, J.) on the ground that "[a]n action based upon the unlawful sale and use of intoxicating beverages creates a cause of action in favor of a person injured by reason of the intoxication but does not create a cause of action in favor of the individual whose intoxication resulted from the unlawful sale of intoxicating beverages or in favor of his estate". However, the court noted that plaintiff did not need permission to serve her second notice of claim inasmuch as said notice had already been timely served.

The defendant county then moved, on behalf of itself and codefendant Westchester Community College, for an order dismissing the second complaint as against them. Plaintiff consented to the granting of those branches of the motion which sought to strike the demand for punitive damages and to dismiss the action as to defendant Westchester Community College. Plaintiff maintained that the suit was otherwise proper as it was based upon a theory of common-law negligence. She claimed that the county had breached a duty to prevent the decedent from harming himself while on the premises in an obviously intoxicated condition.

Special Term, *inter alia,* upheld plaintiff's three remaining causes of action as against the county, which were predicated upon a theory of common-law negligence. The county appeals from so much of the order as denied the branch of its motion seeking dismissal of the first cause of action which sought damages for the conscious pain and suffering of decedent prior to his death, insofar as said cause of action is asserted against it.

The issue presented for our resolution is whether the estate of an individual, who died as a result of injuries sustained while he was intoxicated, can maintain a cause of action based upon principles of common-law negligence to recover damages for the decedent's conscious pain and suffering against the dispenser of the alcoholic beverages which caused him to become intoxicated and on whose premises the injuries occurred. We conclude that no such cause of action exists under the laws of this State.

At common law, selling or giving intoxicating liquors to an ordinary, able-bodied person was never designated a tort (*see, e.g., Megge v United States,* 344 F2d 31, 32, *cert denied* 382 US 831; *Nolan v Morelli,* 154 Conn 432, 226 A2d 383, 386; *Mitchell v Ketner,* 54 Tenn App 656, 393 SW2d 755, 757; *Garcia v Hargrove,* 46 Wis 2d 724, 176 NW2d 566, 567). The rationale

underlying this principle was that the act of imbibing the liquor, as opposed to the mere furnishing of it, is the proximate cause of the resulting injuries (*see,* 45 Am Jur 2d, Intoxicating Liquors, § 553). Generally, a person cannot become intoxicated by reason of his having been furnished with intoxicating liquor if he does not in fact drink it (*Nolan v Morelli, supra*).

Similarly, there was no special duty at common law incumbent upon an owner of premises to protect a party thereon from the results of his voluntary intoxication (*see,* 3 Warren, Negligence, Intoxicated Persons § 1.01). "The prevailing view appears to be that whatever wrong may have been committed by the person supplying the intoxicant, its effect as causative of the ultimate injury was terminated by the voluntary act of the consumer in actually drinking the liquor" (45 Am Jur 2d, Intoxicating Liquors, § 559).

New York courts have likewise refused to recognize a cause of action, based on principles of common-law negligence, against dispensers of alcoholic beverages for injuries to intoxicated customers on the ground that the dispenser owes no duty to protect the consumer from the results of the latter's voluntary intoxication (*see, Moyer v Lo Jim Cafe,* 19 AD2d 523, 524, *affd* 14 NY2d 792; *Gabrielle v Craft,* 75 AD2d 939, 940; *Paul v Hogan,* 56 AD2d 723; *Vadasy v Feigel's Tavern,* 88 Misc 2d 614, *affd* 55 AD2d 1011, *lv denied* 42 NY2d 805; *Bizzell v N.E.F.S. Rest.,* 27 AD2d 554). Certain specific and circumscribed inroads into the general common-law rule have been recognized. By way of illustration, there may be liability at common law where the subject injury is to an innocent third party and where the property owner knows that he can and has the opportunity to control the wrongdoer's conduct and where he is reasonably aware of the necessity of such control (*see, Huyler v Rose,* 88 AD2d 755, *appeal dismissed* 57 NY2d 777; *Paul v Hogan, supra; Kohler v Wray,* 114 Misc 2d 856, 858; *see also, Figuly v Knoll,* 185 NJ Super 477, 449 A2d 564). Such duty does not, however, extend beyond the area where supervision and control may reasonably be exercised (*Wright v Sunset Recreation,* 91 AD2d 701; *Schirmer v Yost,* 60 AD2d 789; *Paul v Hogan, supra*). These situations are clearly distinguishable from the instant case where no injuries to any third parties were involved.

In *O'Leary v American Airlines* (100 AD2d 959, 960), a case involving the liability of a common carrier to a passenger suffering from a disability such as intoxication, a majority of this court held that there is a common-law duty incumbent upon the carrier to exercise such additional care as is reasonably

required by the passenger's disability and the existing circumstances. Inasmuch as the County of Westchester is not a common carrier, said exception is inapplicable here.

While there exists authority to the effect that the advent of the comparative negligence statute (CPLR 1411) renders certain negligence actions viable inasmuch as any negligence on the part of the decedent in consuming alcohol in fatal excess would diminish but not totally preclude recovery (*Dynarski v U-Crest Fire Dist.*, 112 Misc 2d 344), we decline to apply that reasoning in the instant case. *Dynarski* involved a negligence action commenced against the hosts of a wedding reception at which a 14-year-old child was served alcoholic beverages to such an extent as to result in her death from acute ethanol intoxication. Unlike the situation in that case, there was here no cause for the invocation of Penal Law § 260.20 regarding the offense of unlawfully providing alcoholic beverages to a minor.

Consistent with the general common-law policy of nonliability, a number of other jurisdictions have refused to allow recovery in cases involving excessive, willful consumption of intoxicating liquors (*e.g., Parrett v Lebamoff*, __ Ind App __, 408 NE2d 1344; *Thrasher v Leggett*, 373 So 2d 494 [La]; *Runge v Watts*, 180 Mont 91, 589 P2d 145; *Swartzenberger v Billings Labor Temple Assn.*, 179 Mont 145, 586 P2d 712). In California, several intermediate appellate courts have ruled that an adult bar customer who voluntarily becomes intoxicated is guilty not of mere negligence but of willful misconduct to which the comparative negligence doctrine does not apply (*Trenier v California Inv. & Dev. Corp.*, 105 Cal App 3d 44, 164 Cal Rptr 156; *Sissle v Stefenoni*, 88 Cal App 3d 633, 152 Cal Rptr 56; *Kindt v Kauffman*, 57 Cal App 3d 845, 129 Cal Rptr 603). The underlying reasoning, as expressed by the *Kindt* court, is that to allow monetary recovery to one who knowingly becomes intoxicated and thereby injures himself would be morally indefensible inasmuch as the State would effectively be encouraging excessive liquor consumption at taverns while failing to act to deter the tavern owner from continuing to sell alcoholic beverages to inebriated patrons. The court stated (*Kindt v Kauffman*, 57 Cal App 3d 845, 855-856, 129 Cal Rptr 603, 610, *supra*): "The inestimable gift of reason and self-control cries out for preservation in every person, and the duty of its preservation devolves upon each member of the public. When the restraint of reason and the ability to care for one's self are perverted by a conscious, self-indulgent act of voluntary intoxication which temporarily casts off those powers, no societal or personal wrong, nor violation of public or social policy is accomplished or violated if the actor is alone held

answerable for his injury * * * Governmental paternalism protecting people from their own conscious folly fosters individual irresponsibility and is normally to be discouraged * * * To go yet another step and allow monetary recovery to one who knowingly becomes intoxicated and thereby injures himself is in our view morally indefensible."

The Supreme Court of California, in *Ewing v Cloverleaf Bowl* (20 Cal 3d 389, 401, 143 Cal Rptr 13, 19, 572 P2d 1155, 1160), disagreed with the implications of prior holdings that the drinking of alcoholic beverages and not the serving of them is the sole proximate cause of any injury occasioned as a result of the intoxication. It disapproved of *Kindt* only insofar as dicta in the majority opinion in that case may have suggested that bartenders owe *no* duty of care to their patrons. Our holding herein in no way contravenes that principle. However, the County of Westchester should not be deemed an insurer of the safety of its premises.

In line with this reasoning, we conclude that to permit a cause of action for damages on behalf of an inebriated consumer under these circumstances would contravene the clear-cut policy of this State. As the county has aptly noted, allowing such an action would be tantamount to creating a no-fault law for intoxicated persons, notwithstanding the fact that they have been excluded from the benefits of our no-fault law for motor vehicle injuries (*see,* Insurance Law § 5103 [b] [2]). Indicative of public policy with respect to intoxication is the legislation increasing the legal age for serving drinks to minors to 19 years (Alcoholic Beverage Control Law § 65 [1])[*] and lowering the permissible level of alcohol in the blood for drivers (Vehicle and Traffic Law § 1192 [2]). It would be grossly inconsistent to rule that damages, which were previously denied by long-standing public policy, are now recoverable by an individual notwithstanding the fact that said individual has voluntarily placed himself or herself in a state of inebriation. Even the Dram Shop Act (General Obligations Law § 11-101), a legislative creation of a liability not previously existing at common law, does not create a cause of action in favor of the individual whose intoxication resulted from the unlawful sale of liquor (*Matalavage v Sadler,* 77 AD2d 39, 43; *Delamater v Kimmerle,* 104 AD2d 242).

The case of *Mullery v Ro-Mill Constr. Corp.* (54 NY2d 888) does not compel a contrary result. The Court of Appeals therein merely concluded, without passing on the applicability of the

---

[*] Further legislation has increased the drinking age to 21, effective December 1, 1985 (L 1985, ch 274).

last clear chance doctrine, that in view of the charge to the jury, and on the evidence adduced at the trial, it could not be concluded as a matter of law that the intoxicated decedent had been contributorily negligent. In that case, the defendants owned and operated a private health club which contained a swimming pool that they had a duty to maintain for the use of members such as the decedent. In the instant case, it has not been pleaded that the county owed any special duty to the decedent or that it had taken any affirmative action resulting in injury to a member of the public (*see, Evers v Westerberg,* 38 AD2d 751, *affd* 32 NY2d 684). On these facts, we conclude that no cause of action for decedent's conscious pain and suffering exists as against the county. To allow recovery in favor of one who has voluntarily procured a quantity of liquor for his or her own consumption with full knowledge of its possible or probable results "would savor too much of allowing [said] person to benefit by his or her own wrongful act" (*see, Buntin v Hutton,* 206 Ill App 194, 199). A contrary holding in this case would result in a policy with far-rippling effects. The creation of such a policy, in our view, is better left to the legislative process.

THOMPSON, J. P., RUBIN and LAWRENCE, JJ., concur.

Order of the Supreme Court, Westchester County, dated November 14, 1983, reversed insofar as appealed from, on the law, with costs, and that branch of appellant's motion which sought dismissal of the first cause of action which sought damages for the decedent's pain and suffering insofar as said cause is asserted against it granted.