OPINION OF THE COURT
Jan H. Plumadore, J.
This action results from an accident occurring while the plaintiff, Wyatt J. Woodbeck, was riding his bicycle home from his place of employment, the Park Lounge (also known as Joe Collins Restaurant). Mr. Woodbeck’s bicycle came in apparent contact with a truck owned by M. Caputo and Associates, Inc. and operated by their employee, Steven J. Funk.
As a result of the accident, Mr. Woodbeck has severe and substantial injuries, including the loss of an arm. In October 1984, he initiated an action against M. Caputo and Associates and Steven J. Funk, alleging negligence in the operation of a motor vehicle. This complaint was answered in November 1984.
*322 After the completion of his work shift on the date of the accident, Mr. Woodbeck allegedly remained at the bar associated with the Park Lounge and began drinking. Claiming that Mr. Woodbeck was intoxicated at the time of the accident, the defendants in the above action filed a third-party complaint in May 1985 against Joseph M. Collins, doing business as the Park Lounge. This third-party action seeks indemnification and/or contribution from the third-party defendant for any damages that the defendants, third-party plaintiffs may be liable for in the original suit and asserts two causes of action. The third-party defendant moves to dismiss the third-party complaint.
The first cause of action is grounded in common-law negligence, based upon the actions of the restaurant in allegedly serving alcoholic beverages to Wyatt Woodbeck to the point of intoxication. Before addressing the question of whether there was a breach of duty, it must first be established that a duty on the part of the restaurant existed at common law to those third parties contacted by its patrons. Such a duty is, of course, necessary for a cause of action to exist at common law.
In Delamater v Kimmerle (104 AD2d 242) the court states clearly that in situations such as this, common-law negligence cannot be found where the contact occurs off the defendant’s premises and out of the defendant’s control. Additional cases support this principle (Wright v Sunset Recreation, 91 AD2d 701; Schirmer v Yost, 60 AD2d 789; Paul v Hogan, 56 AD2d 723). The duty of the restauranteur extends only as far as the area under his control.
Our facts show that the accident between the plaintiff, Mr. Woodbeck, and the defendants, third-party plaintiffs occurred reasonably far enough away from the premises of the third-party defendant to deem it out of his control. Accordingly, no common-law duty was owed to the defendants, third-party plaintiffs by the third-party defendants.
In opposition to the motion to dismiss, the third-party plaintiffs cite General Obligations Law § 11-101 and Alcoholic Beverage Control Law § 65 as proof of the existence of a duty, and therefore a cause of action. However, the first cause of action, for which the above is offered as proof, claims a basis in common-law negligence. The statutes relied upon create statutory duties where none exist at common law, i.e., they are inapplicable to the first cause of action. It is the decision of this court that the third-party complaint must be dismissed as to the first cause of action.
*323 The second and potentially more meritorious cause of action is based upon an alleged violation of General Obligations Law § 11-101, the Dram Shop Act. It is the contention of the defendant, third-party plaintiffs that, because any injury was caused by an intoxicated person or by reason of an individual’s intoxicated state, they are entitled to indemnification and/or contribution from the restaurant which served the alcohol to the individual. The statute states in relevant part that: "Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication”. (General Obligations Law § 11-101 [1].)
In this case, the injury being claimed is the third-party plaintiffs’ potential liability to Mr. Woodbeck in the original action. Our courts have provided for indemnification and/or contribution for injuries resulting from being cast in damages due to the wrongdoing of a third party. (Cox v Cordice, 90 AD2d 297.) And, under the law of this State, it is conceivable (though never recently so held) that being cast in damages is indeed an "injury” within the meaning of the Dram Shop Act upon which defendants, third-party plaintiffs may sue (Streever v Birch, 62 Hun 298 [1891]; see also, Ann., 6 ALR2d 798).
Nor does the statute itself foreclose the possibility of contribution by the third-party defendant. The cause of action created by General Obligations Law § 11-101 is twofold: "[a]ny person who shall be injured * * * by any intoxicated person, or by reason of the intoxication of any person * * * shall have a right of action”. Thus, defendants, third-party plaintiffs argue that (a) the mere fact that plaintiff was intoxicated due to the third-party defendant’s fault creates (strict) liability on the part of the restaurant without said intoxication being a proximate cause of their "injuries”, or (b) that the restaurant is liable because plaintiff’s alleged intoxication is the reason they will be cast in damages (see generally, Ann., 65 ALR2d 923).
Of course, if they are successful in persuading this court to sustain the third-party complaint, the third-party defendant would be within its rights to in turn claim over against *324 plaintiff for the "injuries” sustained by the defendants (Wood v City of New York, 39 AD2d 534; Anderson v Comardo, 107 Misc 2d 821), at least on the negligence theory ([b] above).
It is well established that plaintiff, or any other (allegedly) intoxicated person, has neither a common-law nor statutory (General Obligations Law § 11-101; Alcoholic Beverage Control Law § 65) cause of action against the provider of intoxicants (Moyer v Lo Jim Cafe, 19 AD2d 523, affd 14 NY2d 792). By so stating, the potential liabilities of the parties are thus complete. If defendants are found liable to plaintiff, they may seek indemnification or contribution from the restaurant, which in turn may sue plaintiff for having proximately caused defendants to be cast in damages (injured). As should be apparent, what this circuitous logic is saying is that even if the court agrees with the defendants, plaintiff is and should be liable for his part in causing his own injuries and thus, indirectly, defendants’ "injuries,” and contributory negligence/comparative fault is a jury question (see, 3 Warren, Negligence in the New York Courts, Intoxicated Persons, ¶ 3.05, at 338 [3d ed]).
This is in no way a case of strict liability: Plaintiff, due to the fact that he was operating a bicycle, was not charged with nor convicted of driving while intoxicated, public intoxication is no longer a criminal offense, and he in turn is not within the class of people to whom the restaurant may be strictly liable. By the same token, plaintiff asks no more of defendants than their own alleged negligence entitles him to. The defendants are not counterclaiming against plaintiff for any physical injury to person or property sustained directly due to either his conduct or intoxication. There is thus no reason in law, policy or the facts for this court to accept defendants’ argument that they are entitled to claim over against the third-party defendant for damages they may ultimately be called upon to pay due to their negligence. Even conceding the third-party defendant’s potential strict liability under the statute (General Obligations Law § 11-101) as noted supra, it cannot be fairly said that the restaurant should be held strictly accountable to defendants in a case which is otherwise solely a matter of comparative negligence, particularly where that third-party defendant could theoretically claim over against the plaintiff (Wood v City of New York, supra; Herrick v Second Cuthouse, 100 AD2d 952, affd 64 NY2d 692; cf. Weinheimer v Hoffman, 97 AD2d 314).
Finally, this case is, for the reasons set forth supra, distinguishable from the Court of Appeals holdings in Nolechek v *325 Gesuale (46 NY2d 332) and Garrett v Holiday Inns (58 NY2d 253). In Nolechek, a claim for contribution was upheld against the father of a child who was killed while riding an off-road motorcycle on the grounds that the father breached a duty to the general public. That duty was "to protect third parties from the foreseeable harm” (tort liability) "that results from * * * children’s improvident use of dangerous instruments” (Nolechek v Gesuale, supra, p 340). In Garrett, it was held that a town which had affirmatively approved a hotel’s building plans despite blatant safety defects was liable in contribution for any damages the hotel owners, developers and lessor/ operator might be liable for as the result of a fire. The essence of the holding was that the town breached what amounted to a special duty to the defendants by certifying the premises as safe when it knew that was not the case.
Garrett (supra) is obviously distinguishable in that no special duty/reliance is involved herein. Nolechek (supra), though enticingly similar to the case at bar, is as well.
Nolechek (supra) involved a duty not to unleash "childishly” controlled dangerous instrumentalities on an unsuspecting public, members of which may thus be exposed to tort liability; General Obligations Law § 11-101 imposes a duty not to loose intoxicated persons on the same unsuspecting public with an eye towards preventing actual harm thereto. In our case, however, the only injury defendants may be exposed to by the allegedly intoxicated plaintiff is, as noted supra, being cast in damages as the direct result of their own negligence (if any). Though the third-party defendant may well have breached a duty to the public, under our particular facts there was no foreseeable harm which, but for the breach, could have or did come from it alone; it is therefore irrelevant as between defendants/third-party plaintiffs and third-party defendant whether the latter provided the means by which plaintiff rendered himself contributorily negligent and upon which plaintiff cannot sue.
If plaintiff were alleged to have swerved in front of defendants’ vehicle to such a degree as to force them off the road or into another vehicle in an unsuccessful attempt to avoid him, then defendants would have a direct claim against plaintiff and the third-party defendant for any actual damages sustained in a subsequent collision or upset. An intoxicated, assaultive defendant has a Dram Shop contribution claim over, at least for negligently serving him, against (one of) his bartender(s) (Weiss v Muller, 97 Misc 2d 7). Or, if our plaintiff *326 had been killed and his parents or widow sued only these defendants, they (defendants) would have a contribution claim against the restaurant under either or both statutory theories of liability (Weinheimer v Hoffman, supra). But these, of course, are not the issues here.
On our facts and the current state of the law, the principles of comparative negligence more than adequately protect defendants’ interests, and this court will not extend the law of contribution to include the proposed third-party defendant.
Accordingly, the motion to dismiss the third-party complaint in its entirety is granted.