■ PATRICIA A. CONIGLIARO, Respondent, v JOHN FRANCO et al., Appellants, and RICHARD BUCKLEY, Respondent.—In an action to recover damages for personal injuries pursuant to General Obligations Law § 11-101, the defendants Franco appeal from an order of the Supreme Court, Nassau County (Wager, J.), dated May 13, 1985, which denied their renewed motion for summary judgment.

Order reversed, on the law, with costs, motion granted, and the complaint and cross claim dismissed as against the appellants.

"[E]xcept for commercial dispensers of alcoholic beverages (General Obligations Law, § 11-101), there is no liability upon one who furnishes liquor to a person who thereby becomes intoxicated and in consequence of his intoxication causes injury to himself or to another" *(O'Leary v American Airlines,* 100 AD2d 959, 960). The Dram Shop Act (General Obligations Law § 11-101) must be narrowly construed "and if liability is to be extended so as to impose liability upon the social host, it should be accomplished through the legislative process and not through the courts" *(Gabrielle v Craft,* 75 AD2d 939, 940; *see also, Edgar v Kajet,* 55 AD2d 597; *Kohler v Wray,* 114 Misc 2d 856).

The plaintiff was seriously injured on August 18, 1979 in an automobile accident with Kenneth Kavanagh, who is not a party to this action. Just prior to the accident, Kavanagh had been a guest in the home of the appellants and had consumed approximately five cans of beer. The appellants' original motion to dismiss the plaintiff's cause of action, which alleged a violation of the Dram Shop Act, was denied, notwithstanding that the appellants were social hosts and denied selling alcoholic beverages in their home. Special Term denied the motion on the basis that the appellants failed to "deny that they sold liquor to Kenneth Kavanagh on the night in question".

Following the appellants' examinations before trial they renewed their motion for summary judgment, presenting their sworn testimony that they never sold alcohol to anyone in August 1979. The appellants thus met their burden of coming forward with admissible evidence reciting material facts and showing that the plaintiff's cause of action has no merit (CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). To defeat the appellants' motion the plaintiff was required to show facts sufficient to require a trial on the issue of an unlawful sale *(see, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 262), or an acceptable excuse for her failure to do so *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965). The plaintiff's unsubstantiated allegation was insufficient to defeat the appellants' motion *(see, Zuckerman v City of New York, supra,* at p 562). Not only did the plaintiff fail to raise an issue of fact and fail to offer an acceptable excuse for her not doing so, but it appears from the plaintiff's opposition papers that before instituting this action she possessed sufficient facts to indicate that the appellants could not be held liable under the Dram Shop Act, which requires a sale of alcoholic beverages. In a prior action against Kenneth Kavanagh to recover damages for personal injuries, he testified at

an examination before trial that he had purchased a six-pack of beer at a delicatessen and had brought the beer with him to the Franco residence. He drank only the beer which he had purchased himself. Accordingly, the plaintiff has not only failed to establish a sale by the appellants, but has also failed to adduce evidence that the Francos even served alcohol to Kavanagh. Accordingly, the appellants were entitled to summary judgment dismissing the complaint as against them. Since the cross claim asserted by the codefendant Richard Buckley is based upon the same alleged conduct, it is dismissed as well. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.