■ SEAN WELLCOME et al., Appellants, v STUDENT COOPERATIVE OF STONY BROOK et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), entered February 4, 1985, as granted that branch of the defendants' motion which sought summary judgment dismissing the plaintiffs' first, second and third causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Sean Wellcome was allegedly injured when, by reason of his voluntary intoxication, he fell from the roof of a building. In this action against the owner and operator of the bar at which the plaintiff allegedly became intoxicated, recovery is sought on theories, *inter alia,* of common-law negligence, strict liability under Alcoholic Beverage Control Law § 65 (2), and strict liability under General Obligations Law § 11-101 (the Dram Shop Act).

The causes of action pleaded under each of these theories were properly dismissed. There is no cause of action sounding in common-law negligence against a dispenser of alcoholic beverages for injuries suffered by an intoxicated customer resulting from the latter's voluntary intoxication *(see, Allen v County of Westchester,* 109 AD2d 475, 477, *appeal dismissed* 66 NY2d 915; *Paul v Hogan,* 56 AD2d 723; *Bizzell v N.E.F.S. Rest, Inc.,* 27 AD2d 554; *Moyer v Lo Jim Cafe,* 19 AD2d 523, *affd* 14 NY2d 792). Further, Alcoholic Beverage Control Law § 65 (2) which prohibits the sale or giving of alcoholic beverages to "[a]ny intoxicated person or to any person, actually or apparently, under the influence of liquor", does not create an independent statutory cause of action in favor of a person whose intoxication resulted from the illegal sale or dispensing of alcoholic beverages *(see, Bizzell v N.E.F.S. Rest, Inc., supra; Moyer v Lo Jim Cafe, supra).* With regard to the Dram Shop Act, that statute creates a cause of action in favor of a third party injured or killed by an intoxicated person, but it does not create a cause of action in favor of the intoxicated person *(see, Mitchell v The Shoals, Inc.,* 19 NY2d 338, 340-341; *Allen v County of Westchester, supra,* at p 479; *Delamater v Kimmerle,* 104 AD2d 242, 244; *Paul v Hogan, supra; Moyer v Lo Jim Cafe, supra).*

We find the plaintiffs' remaining contentions to be without merit. Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.