■ Domineck Carriero, Respondent, v New York City School Construction Authority et al., Appellants. [987 NYS2d 845]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 3, 2013, which denied defendants' motion for leave to amend their answer, unanimously reversed, on the law and the facts, without costs, and the motion granted.

Leave to amend should have been granted, since the proposed affirmative defense of a setoff has merit (*see Thomas Crimmins Contr. Co. v City of New York*, 74 NY2d 166, 170 [1989]; *see also Herrick v Second Cuthouse*, 100 AD2d 952, 953 [2d Dept 1984], *affd* 64 NY2d 692 [1984]). Indeed, defendants may be successive tortfeasors entitled to a setoff under General Obligations Law § 15-108, given that plaintiff settled another lawsuit 13 years

ago against different defendants in which, as here, he claimed to be "permanently disabled" from working as an electrician (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 82-84 [1986]; *see also Herrick*, 100 AD2d at 953). Defendants may also be entitled to a setoff under CPLR 4545, as the prior settlement may have reimbursed plaintiff for the same "loss of earnings" for which he now sues (CPLR 4545 [a]; *see Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81 [1995]). Plaintiff's argument that evidence of the prior settlement should be excluded at trial is premature, given that this action is only at the pleading stage. Concur—Sweeny, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.